YELVERTON, Judge.
A 30-year-old city policeman pleaded guilty to carnal knowledge of a 15-year-old girl, and was sentenced to three years at hard labor. He appeals urging reversible error at the sentencing hearing, and claiming the sentence was excessive. We find no error. We affirm.
The defendant pleaded guilty to the first of seven counts of carnal knowledge, in exchange for which the state dismissed the remaining six counts of a grand jury indictment that charged defendant with having carried on a criminal liaison with the 15-year-old victim over a two month period in the summer of 1984.
The defendant was then and had been for three years a policeman for the City of Eunice, where the crime occurred. After the plea, the court ordered a presentence report. The report did defendant no harm. It was, in fact, beneficial. It described him as happily married for 10 years, with a seven year old child, a good work history, and no bad habits. About the only thing in it that might be described as damaging was the reported attitude of the parents of the victim, who recommended the maximum sentence. The report noted that defendant, a first offender, was eligible for probation.
Despite this innocuous report, the defendant wanted to call the victim to the stand at the sentencing hearing, for the stated purpose of refuting some hearsay material in the report furnished by the victim’s parents. The trial judge refused to permit defendant to call the victim. This ruling is defendant’s first assignment of error.
In a brief per curiam to this assignment the trial judge stated simply that the victim’s testimony was not needed to traverse the presentence report — an eminently correct observation considering there was nothing in the presentence that needed traversal. To that observation we will add that it will be a rare case, if ever there is one, when the victim of a sex crime can be compelled to testify at a sentencing hearing. Traditional rules of evidence are not *507 bars to consideration of otherwise relevant information at a sentencing hearing. State v. Washington, 414 So.2d 313 (La.1982). Because of this, the damaging information that the defendant erroneously thought was contained in the presentence report (psychological harm to the victim, and reports that the defendant had tried to talk her out of testifying against him) could have been refuted by other means than by the victim’s testimony. There is no merit to this assignment of error.
The other assignment of error is the claimed excessiveness of the three year hard labor sentence given this first offender. Carnal knowledge of a juvenile (La. R.S. 14:80) is a crime which in this case occurred when defendant, who was over 17, had sexual intercourse with the unmarried female victim who was over 12 but under 17, and there was an age difference of more than two years between them. He was 30 and she was 15. The maximum sentence for this offense is 10 years.
The premiere Louisiana case on excessive sentences is State v. Sepulvado, 367 So.2d 762 (La.1979). That was also a carnal knowledge offense. The supreme court held that a three and a half year sentence was constitutionally excessive in that case.
The only similarities between Sepulvado and our present case, aside from the length of the sentence, are that both defendants were married (at the time of sentencing), both had a child, and both had led an otherwise law-abiding life. There are a number of differences between the two cases. Sep-ulvado was barely 18 while our defendant was 30 years old. Sepulvado was the sole support of his family while in our case, defendant’s wife works. There were substantial grounds found in Sepulvado tending to justify the defendant’s criminal conduct, though failing to establish a defense, while in the present case the trial judge specifically observed that there were no such grounds. There was some indication brought out during the sentencing hearing, in fact, that force was used by the present defendant. Another difference is that since the date of the crime in Sepulvado the legislature has seen fit to double the maximum penalty for carnal knowledge; it is now 10 years. The sentencing judge, having in mind these factors, and the benefits already enjoyed by the defendant by the reduction of the counts in number from seven to one, believed a lesser sentence would deprecate the seriousness of the offense.
The author of the opinion in Sepul-vado, concerned that to give that young man a sentence so near the (then) statutory maximum would leave only a negligible gap between his punishment and the penalty for the same crime committed in aggravated circumstances by a mature individual, asked the rhetorical question: “What penalty, then, should be given to a thirty-year-old man who seduces a twelve-year-old child ...?” 367 So.2d at 773. The question is answered by the present case. This defendant, aside from being 30 years old, was also a policeman. Much responsibility is expected from those to whom much responsibility is given.
The sentence was not excessive.
AFFIRMED.