# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 07-449


**STATE OF LOUISIANA**

**VERSUS**

**THOMAS O. HOUSTON**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 69897
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

### SENTENCE AFFIRMED AS AMENDED, WITH INSTRUCTIONS.

William E. Tilley
District Attorney
Terry W. Lambright, Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
(337) 491-0570
Counsel for Defendant/Appellant:
Thomas O. Houston

**SAUNDERS, Judge:**

On May 16, 2006, the Defendant, Thomas O. Houston, was charged by bill of information with carnal knowledge of a juvenile, in violation of La.R.S. 14:80. The Defendant entered a plea of not guilty on the same date. On December 8, 2006, the Defendant withdrew his former plea of not guilty and entered a plea of guilty to carnal knowledge of a juvenile. The Defendant was sentenced on January 23, 2007, to serve three years at hard labor and to pay a fine of two thousand dollars plus costs of court. The Defendant filed a Motion to Reconsider Sentence on February 2, 2007, which was subsequently denied on February 6, 2007. On the same date, the Defendant filed a Motion for Appeal and Designation of Record.

The Defendant is now before this court asserting one assignment of error. Therein, the Defendant contends his sentence is excessive. We find that this assignment of error lacks merit.

SENTENCE AFFIRMED WITH INSTRUCTIONS.

**FACTS:**

On August 13, 2005, the Defendant, who was twenty-seven years old, had consensual sexual intercourse with a sixteen-year-old girl.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find one error patent.

Louisiana Revised Statute 15:537(A) mandates that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including felony carnal knowledge of a juvenile.

The court minutes of sentencing state, in pertinent part: "The defendant was advised pursuant to Article 894.1D, that the sentence is subject to diminution for good behavior and was not enhanced upon the basis of the habitual offender law or other provisions of the law."

The transcript of sentencing indicates that after the trial judge imposed the sentence, he stated the following regarding diminution of sentence, "I advise you that pursuant to the Code of Criminal Procedure Article 894.1D your sentence is not subject to diminution because of the type of offense and your sentence was not enhanced...." Louisiana Code of Criminal Procedure Article 894.1(D)(1) requires the trial court to advise the defendant, immediately following the imposition of a felony sentence, "[w]hether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior." Pursuant to La.Code Crim.P. art. 894.1(D)(2), the court is also required to advise the defendant "[w]hether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law."

The trial judge was simply complying with art. 894.1(D) when he advised the Defendant of his ineligibility for diminution of sentence. Consequently, this court finds that the trial judge's failure to deny diminution of sentence renders the Defendant's sentence illegally lenient.

Recently, this court addressed this issue in *State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*,

2

05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:

> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.

> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

*Id.* at 1247.

Consequently, we amend the Defendant's sentence for felony carnal knowledge of a juvenile to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537, and instruct the trial court to note the amendment in the court minutes.

## ASSIGNMENT OF ERROR:

In his only assignment of error, the Defendant contends the trial court erred in that the sentence imposed upon him is constitutionally excessive. We do not agree.

The supreme court discussed the standard applicable to excessive sentencing claims in *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, as follows:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.

3

*State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

The penalty for a violation of La.R.S. 14:80, carnal knowledge of a juvenile, is a fine of not more than five thousand dollars, or imprisonment, with or without hard labor, for not more than ten years, or both. The Defendant was sentenced to serve three years at hard labor and pay a fine of two thousand dollars plus costs of court. The Defendant argues this sentence is excessive, based on the fact that he is a first felony offender, is married, has two children, spent four years in the military, and was gainfully employed at the time he entered his guilty plea.

At the sentencing hearing, the Defendant informed the trial court that he was married, had two children, and was gainfully employed. The trial court was also aware of the Defendant's status as a first felony offender. The trial court noted the Defendant had four misdemeanor convictions for issuing worthless checks or theft and was in court in 2005 for simple criminal damage to property. The trial court further stated the Defendant was placed on two years probation for the offense of simple criminal damage to property, the Defendant had a poor record of compliance, and there was an outstanding warrant regarding his probation.

In *State v. Worsham*, 32,670 (La.App. 2 Cir. 2/1/00), 754 So.2d 1107, the second circuit affirmed the eighteen-year-old first felony offender's seven-year hard labor sentence for committing carnal knowledge of a thirteen-year-old juvenile.

In *State v. Breaux*, 491 So.2d 506 (La.App. 3 Cir.), *writ denied*, 496 So.2d 331 (La.1986), this court upheld a three-year sentence imposed upon a thirty-year-old police officer, who was a first offender and eligible for probation, convicted of carnal knowledge of a fifteen-year-old juvenile.

4

Based on the cases cited herein, the Defendant's failure to comply with the terms of his probation, and the age difference between the twenty-seven-year-old Defendant and the sixteen-year-old victim, we cannot say the trial court abused its discretion when ordering the sentence imposed in the case at bar. Accordingly, this assignment of error lacks merit.

**RECOMMENDATION:**

_____We amend Defendant's sentence to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537 and then affirm Defendant's sentence as amended. We also instruct the trial court to note the amendment in the minutes of court.

**SENTENCE AFFIRMED AS AMENDED, WITH INSTRUCTIONS.**