11 BROWN, J.,
The state originally charged defendant, Gerald Anthony McLaurin, with two counts of attempted first degree murder and one count each of possession of marijuana with intent to distribute, illegal possession of stolen things and possession of marijuana. Defendant pled guilty to one count of attempted first degree murder in exchange for the state’s agreement to consolidate the two attempted murder charges into one, to dismiss the other pending charges, to refrain from filing an habitual offender bill and that the sentence to be imposed would not exceed 25 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant also secured an agreement from the U.S. Attorney for the Western District of Louisiana that his office would dismiss any pending charges arising out of the instant investigation. The trial court imposed a sentence of 25 years at hard labor without benefit. On appeal, defendant urges that his sentence is excessive and that the trial court erred in failing to state for the record its reasons for sentence. Finding no error, however, we affirm.

Discussion

The record shows that on April 1, 1998, two Bienville Parish Sheriffs deputies were working a radar site along 1-20. They noticed an eastbound car traveling in excess of the speed limit. One of the officers began pursuit. During the high speed chase, a number of packets of marijuana were thrown from the passenger’s side of the vehicle. Defendant leaned out of the passenger’s window of the fleeing car and fired a number of shots from a handgun at the pursuing officer. Defendant also fired a shotgun at a second police cai- which joined the chase. The driver finally gave up his attempt to elude the authorities. Both the driver and defendant were arrested. The police recovered over six pounds of marijuana which had been thrown from the car.
|j>La.C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision applies both to agreed sentences and to agreed ceilings, “ranges” or “caps.” State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Bradley, 30,672 (La.App.2d Cir.05/13/98), 714 So.2d 125; State v. Rice, 26,478 (La.App.2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340.
Where a specific sentence cap has been agreed to as a consequence of a plea bargain and the sentence imposed is within that agreed range, there is no need for the trial court to give reasons for the sentence as required by La.C.Cr.P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Brown, 427 So.2d 1284 (La.App. 2d Cir.1983).
The record clearly shows that the state, defendant and the trial court all agreed to the ceiling on defendant’s sentence and that the subsequent sentence was imposed within the limits of that agreement. Therefore, defendant may not appeal his sentence and the trial court was not required to articulate for the record its reasons for sentence. These assignments of error are without merit.
Furthermore, even if we were to examine the sentence for constitutional ex-cessiveness, we would find no error. Defendant, a prior felony offender, clearly received substantial benefit from his plea agreement with the state, obtaining the consolidation of his attempted murder charges and the dismissal of the remaining felony charges, as well as the state’s agreement not to institute habitual offender proceedings.
*930 We have examined the record for errors patent and found none.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.