823 So.2d 1089 (2002)
STATE of Louisiana, Appellee
v.
Jo D. HONEYCUTT, Appellant.
No. 36,215-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1090 Charles R. Whitehead, Jr., Natchitoches, for Appellant.
Richard P. Ieyoub, Attorney General, William R. Jones, District Attorney, Bruce K. Holland, Assistant District Attorney, for Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
WILLIAMS, J.
The defendant, Jo D. Honeycutt, was formally charged by grand jury indictment with one count of carnal knowledge of a juvenile and one count of indecent behavior with a juvenile, violations of LSA-R.S. 14:80 and LSA-R.S. 14:81, respectively. After the defendant bargained with the state and pleaded guilty to one count of carnal knowledge of a juvenile, she unsuccessfully moved to withdraw the guilty plea. Thereafter, the defendant sought a supervisory writ in this Court. We remanded the case to the trial court with *1091 instructions to allow the defendant to withdraw her guilty plea. On remand, pursuant to a new plea bargain agreement, the defendant again pleaded guilty to one count of carnal knowledge of a juvenile. Subsequently, the defendant was sentenced to serve ten years at hard labor. Six years of the sentence were suspended and the defendant was placed on supervised probation for a period of five years. Defendant now appeals, challenging the propriety of the sentence imposed.

FACTS AND PROCEDURAL HISTORY
The defendant, Jo D. Honeycutt, was formerly employed as a high school teacher with the Red River Parish School Board, in Coushatta, Louisiana. On March 21, 2000, while still employed as a teacher, the defendant was interviewed by two FBI agents with regard to a bomb threat perpetrated by a male student. During the interview, the defendant voluntarily stated that she had engaged in sexual relations with the male student, who was a minor, on several occasions between the months of September 1996 and November 1999.
The defendant was arrested and charged with one count of carnal knowledge of a juvenile and one count of indecent behavior with a juvenile. Subsequently, the defendant pleaded guilty to one count of carnal knowledge of a juvenile with the state's agreement to dismiss the indecent behavior with a juvenile charge and not file a multiple offender bill. Thereafter, the defendant filed a motion to withdraw her guilty plea, which the trial court denied. The defendant then applied for a supervisory writ to this Court. This Court granted the writ, vacated the defendant's guilty plea to carnal knowledge of a juvenile, and remanded the case to the trial court, finding that the defendant was under "extreme emotional distress" at the time of the plea and could not adequately consider the consequences of her action. State v. Honeycutt, 35,361-KW (La.App.2d Cir.6/21/01), unpublished.
On remand, the defendant again pleaded guilty to one count of carnal knowledge of a juvenile. This plea was made in accordance with a plea bargain agreement with the state that the defendant would not serve more than "five years of actual jail time."
At sentencing, the trial court ordered that the defendant serve ten years at hard labor. Six years of the sentence were suspended and she was ordered to serve five years of supervised probation upon her release from custody. The defendant appeals, contending her sentence is excessive, a prior 1984 conviction for a similar offense should not have been used to enhance her sentence, and the trial court improperly characterized her conduct with the victim.

DISCUSSION
The defendant contends the sentence is excessive and the term of probation imposed was not included in the plea agreement. She argues that the trial court did not have the authority to place her on five years supervised probation. The defendant's claim is contrary to LSA-R.S.C.Cr.P. art. 893, which requires that when a court suspends a portion of a sentence, the court must place the defendant on probation for not less than one year and not more than five years. According to our jurisprudence, when a court suspends a part of a sentence, its failure to place the defendant on probation is not within the court's power and results in an illegal sentence. State v. Ramirez, 96-302 (La.App. 3d Cir.11/6/96), 684 So.2d 52; State v. Willis, 95-316 (La.App. 3d Cir.10/4/95), 663 So.2d 392.
*1092 Because probation is required by operation of law as part of a plea agreement which suspends a portion of the sentence, the term of supervised probation imposed in this case is not in violation of the plea agreement. The defendant received no more actual incarceration than the amount to which she agreed. Additionally, the sentence falls within the rule that a sentence imposed within the limits of a plea agreement may not be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by LSA-R.S.C.Cr.P. art. 894.1. LSA-R.S.C.Cr.P. art. 881.2; State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989).
Moreover, the record reflects that the defendant and her counsel were informed by the trial court several times during an extremely thorough Boykin colloquy that she would be susceptible to a maximum sentence of ten years, but at least five of those years would be suspended.[1] Thus, we find that the sentence imposed is within the agreed sentencing range, was understood by the defendant and may not be appealed as excessive. This argument lacks merit.
The defendant contends the trial court, in effect, sentenced her as a second felony offender by improperly using a 1984 conviction of carnal knowledge of a juvenile to enhance her sentence. The record reflects that as a part of the plea bargain, the state agreed to forego its right to file a multiple offender bill against the defendant. Consequently, no habitual offender bill was filed. Although the trial court considered the defendant's prior conviction, she was neither adjudicated nor sentenced as a second felony offender nor was the sentence enhanced as those terms are normally used in the jurisprudence. Thus, the trial court did not use the 1984 conviction to enhance the defendant's sentence, within the scope of the cases cited which deal with the multiple-billing or enhanced punishment of multiple offenders. See LSA-R.S. 15:529.1 et seq.
In selecting a proper sentence, a trial judge is not limited to a consideration of a defendant's prior convictions only, but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as, conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof that the defendant committed the other offenses. State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La. App.2d Cir.10/29/97), 702 So.2d 40, 42. Thus, even if the prior conviction was invalid due to a Boykin or other error, the trial court still was empowered to consider the underlying facts and criminal conduct of that conviction when tailoring a sentence to the defendant in this case. This argument lacks merit.
The defendant also challenges the trial court's statements made during sentencing, whereby the court expressed its opinion of the defendant's misconduct. The defendant argues that the trial court's statement that the defendant's conduct involved a "gross abuse of authority as a teacher" was offensive and improper. *1093 This assertion is also without merit. The trial court's characterization of the defendant's conduct was neither improper nor incorrect. A review of the record reflects that the trial court utilized legitimate aggravating factors in formulating a sentence for this defendant. We find no abuse of the trial court's discretion in sentencing this defendant within the limits set forth in the plea agreement. Thus, the sentence imposed is neither unlawful nor a breach of the plea agreement. This argument lacks merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The record also contains an executed document entitled "Determination of Understanding of Constitutional Rights, Nature of Charge and Consequences of Guilty Plea", which confirms an agreed upon sentence of up to ten years with "an actual jail time cap of five years."