903 So.2d 598 (2005)
STATE of Louisiana, Appellee,
v.
James SMITH, Appellant.
No. 39,719-KA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*599 H. Russell Davis, Arcadia, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell II, Andrew C. Jacobs, Assistant District Attorneys, for Appellee.
Before BROWN, PEATROSS and DREW, JJ.
DREW, J.
James Smith pled guilty as charged to one count of attempted second degree murder, a violation of La. R.S. 14:30.1 and 14:27, punishable by imprisonment at hard labor for not less than 10 years nor more than 50 years, all to be served without benefits, in exchange for the state's agreement to dismiss charges of assault by drive-by shooting and conspiracy to commit attempted second degree murder. The parties and the court also agreed to an 18-year sentencing cap. The court, in due course, imposed a sentence of 18 years.[1] Defendant now appeals, urging only that the sentence is excessive and that the trial court failed to articulate adequately its reasons for the sentence imposed. We affirm.
On September 18, 2003, defendant and four companions were driving around Minden, seeking out the victim, Maurice Issac, with the intention of killing him. When the group located Issac, this defendant and two of his companions exited their vehicle and fired their weapons at Issac a combined seven times. The victim incurred only one minor injury and has recovered, and has refused to give a statement relative to the pre-sentence investigation.
Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. McLaurin, 32,708 (La.App. 2d Cir.10/27/99), 743 So.2d 928. See also La. C. Cr. P. art. 881.2; and State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171. Thus, we reject defendant's claims.
Even if we were to examine the sentence for constitutional excessiveness, we would find no error. Defendant arguably[2] obtained a substantial benefit from his plea bargain. His deplorable and violent conduct, committed without legal justification *600 or excuse,[3] jeopardized innocent citizens who were in the area of the shooting. This senseless crime was apparently gang-related. Smith is a menace to society, and he is the type of criminal from whom society must be protected. The sentence imposed is lawful and is on the low end of the 50-year exposure this defendant would have faced upon conviction on this charge alone, had there been no plea agreement.
The conviction and sentence are AFFIRMED.
NOTES
[1] The trial court's failure to state that the sentence will be served without benefits will be corrected automatically by operation of La. R.S. 15:301.1.
[2] Begging two questions: 1. Is there such a crime as conspiracy to commit attempted murder? 2. Would the facts here have justified a charge of assault by drive-by shooting? See La. R.S. 14:7.1 C. Unfortunately, when the A.D.A. was asked to recite the facts, he apparently just read the bill of information, leaving a confusing void as to the details of what exactly occurred in this incident.
[3] Defendant urges mitigation on appeal, alleging that the shooting was an act of retaliation. Even if true, that is not a lawful justification for the offense. Further, this court cannot consider references to "evidence" outside of the appellate record. State v. Pratt, 32,302 (La.App. 2d Cir.9/22/99), 748 So.2d 25.