BROWN, Chief Judge,
Concurring.
| TJust prior to a jury trial defendant entered a plea of guilty to all five counts pursuant to a plea bargain. Under that agreement, by making four counts run concurrently, the sentencing range was limited to a maximum (cap) of sixty years. During the Boykinization,[1] the trial judge specifically asked, “Do you understand you’re waiving any appeal rights that you *295 may have?” Defendant responded affirmatively.
La. C. Cr. P. art. 881.2A(2) provides that: “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” See State v. Honeycutt, 36,215 (La. App.2d Cir.08/14/02), 823 So.2d 1089, unit denied, 02-2635 (La.09/05/03), 852 So.2d 1020.
Where a specific sentence or a sentencing cap has been agreed upon, a sentence imposed within that range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Smith, 39,719 (La.App.2d Cir.05/11/05), 903 So.2d 598.
Because the record shows that the state, defendant, and trial court all agreed to a ceiling on defendant’s sentence, and the subsequent sentence was imposed within the limits of that agreement, defendant may not appeal his sentence. State v. Honeycutt, supra.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).