8 So.3d 822 (2009)
STATE of Louisiana, Appellee
v.
Ahmad McQUARTERS, Appellant.
No. 44,074-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 2009.
*823 Mary Constance Hanes, Louisiana Appellate Project, New Orleans, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Sherburne Sentell, III, John W. Montgomery, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and GASKINS, JJ.
GASKINS, J.
The defendant, Ahmad McQuarters, pled guilty to distribution of cocaine pursuant to a plea agreement that included a sentencing cap of 15 years. He was sentenced to five years at hard labor, two years of which are without benefit of parole, probation or suspension of sentence. This appeal followed. Seeking to withdraw, the defendant's appellate counsel filed an Anders[1] brief in this court, which alleged that she could find no nonfrivolous issues to raise on appeal. We grant the motion to withdraw and affirm the defendant's conviction and sentence.

FACTS
The defendant was charged by bill of information with one count of distribution of cocaine pursuant to La. R.S. 40:967(A). The defendant pled guilty in exchange for the following: (1) the state's agreement not to file a habitual offender bill of information; (2) a sentence cap of 15 years; and (3) the trial court's determination of sentence after reviewing a presentence investigation report. The terms of the plea bargain agreement were made part of the record, and the defendant expressly agreed to them. The trial court sentenced the defendant to five years at hard labor, without benefit of parole, probation or suspension of sentence for the first two years, as required by the statute of conviction. The court also ordered that the sentence be consecutive to any other sentence and gave the defendant credit for time served.
The defendant filed a timely motion to reconsider sentence, which was denied.

ANDERS BRIEF
The defendant appealed. However, the defendant's appellate counsel filed a motion to withdraw, together with an Anders brief, which alleges that she could find no nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; *824 State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlined the procedural history of the case and the recitation of facts presented during the guilty plea hearing. The brief also contained "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, supra. Defense counsel further verified that she mailed copies of the motion to withdraw and her brief to the defendant, in accordance with the Anders, Jyles, Mouton and Benjamin cases.
The state filed a letter concurring that there are no nonfrivolous issues to raise on appeal. On November 24, 2008, this court rescinded the previously fixed pro se briefing deadline and notified the defendant that he could file a brief in this appeal within 30 days of its order and request to view the appellate record within 10 days of the date of this order. However, the defendant has not requested the record or filed any brief.
This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. The defendant's sentence of five years of imprisonment at hard labor, which is 10 years below the sentencing cap, is not excessive considering the defendant's criminal history; it includes a conviction for attempted distribution of cocaine, for which he was on parole at the time of the instant offense. Even so, where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, such as in the case sub judice, a sentence imposed within the agreed range cannot be appealed as excessive. State v. Smith, 39,719 (La.App. 2d Cir.5/11/05), 903 So.2d 598. See also La. C. Cr. P. art. 881.2; and State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Foster, 42,212 (La.App. 2d Cir.8/15/07), 962 So.2d 1214; State v. Burford, 39,801 (La.App. 2d Cir.6/29/05), 907 So.2d 873.

CONCLUSION
Based on the above, we find that there are no nonfrivolous issues to raise on appeal; we also find no errors patent. Consequently, the motion to withdraw filed by the defendant's appellate counsel is granted, and the defendant's conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.
BROWN, Chief Judge, concurs with written reasons.
BROWN, Chief Judge, concurring.
It appears to be incongruous to state that one cannot appeal as excessive an agreed to sentence or sentencing cap, and then state that considering defendant's criminal history, the sentence imposed is not excessive.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).