LOLLEY, J.
 

 11 The defendant, LaCarlos Fuller, appeals a judgment from the Twenty-Sixth Judicial District Court, Webster Parish, State of Louisiana, following his guilty plea for one count of distribution of cocaine, a violation of La. R.S. 40:967(A). Fuller was sentenced to fifteen years’ imprisonment at hard labor. The defendant’s appellate counsel has filed a motion to withdraw, together with an
 
 Anders
 
 brief in support of the motion. The state has filed a letter, noting appellate counsel’s
 
 Anders
 
 brief and agreeing that there are no nonfrivolous errors to be raised in an appeal of Fuller’s case. On October 21, 2008, this court rescinded the previously fixed pro-se briefing deadline and notified Fuller that he may file a brief in this appeal within 30 days of its order and request to view the appellate record within 10 days of the date of this order. The defendant has not requested the record and has not filed any brief. Consequently, the motion to withdraw is granted, and Fuller’s conviction and sentence are affirmed.
 

 On May 5, 2007, in Webster Parish, Louisiana, Fuller sold $40.00 worth of crack cocaine to a police confidential infor
 
 *1290
 
 mant, which transaction was recorded on audio and video surveillance as part of Minden Police Department undercover drug surveillance operations. The substance was later sent to the North Louisiana Crime Lab and was determined to be crack cocaine. Fuller was charged by bill of information with two counts of distribution of cocaine pursuant to La. R.S. 40:967(A), and he ultimately pleaded guilty to one count of the charged offense in exchange for the following: (1) the dismissal of count two of the bill of information; (2) an agreement not to file a habitual offender bill of information; (3) the J^determination of his sentence after ordering a presentence investigation report; and, (4) a sentence cap of
 
 20
 
 years. The terms of the plea bargain agreement were made part of the record, which was expressly agreed to by the defendant. Subsequently, the trial court sentenced Fuller to 15 years at hard labor with credit for time served. This appeal ensued.
 

 Fuller’s appellate counsel has filed an
 
 Anders
 
 brief, seeking to withdraw, which alleges that he could find no nonfrivolous issues to raise on appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 1996-2669 (La.12/12/97), 704 So.2d 241, 242;
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). As required, the brief outlines the procedural history of the case and the recitation of facts presented during the guilty plea hearing. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 Jyles, supra.
 
 Defense counsel further verifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with
 
 Anders, Jyles,
 
 and
 
 Benjamin, supra.
 
 This court held the motion to withdraw in abeyance and advised Fuller of his right to file an appellate brief within 30 days of this court’s October 21, 2008 order deferring a ruling on counsel’s motion to withdraw. As of this date, Fuller has not responded to the notice.
 

 Additionally, this court has conducted an error patent review of the appellate record and one error patent was found. The trial court failed to ^specify that the first two yeai's of Fuller’s sentence shall be served without benefit of parole probation or suspension of sentence. This sentencing error is automatically corrected by operation of law. See La. R.S. 15:301.1.
 

 No other errors patent were found. The bill of information and arraignment were correctly done. There were no other errors patent found in the guilty plea or sentencing proceedings. Fuller’s sentence of 15 years’ imprisonment at hard labor, which is 5 years below the sentencing cap, is not excessive considering his lengthy criminal history. Even so, where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, such as in the case
 
 sub judice,
 
 a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 See also
 
 La. C. Cr. P. art. 881.2;
 
 State v. Young,
 
 1996-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.08/15/07), 962 So.2d 1214;
 
 State v. Smith,
 
 39,719 (La.App.2d Cir.05/11/05), 903 So.2d 598.
 

 So considering, the motion to withdraw is granted, and LaCarlos Fuller’s conviction and sentence are affirmed.
 

 AFFIRMED.