GASKINS, J.
 

 liThe defendant, Coty Kirkpatrick, pled guilty to creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine with intent to distribute, and possession of marijuana with intent to distribute, pursuant to a plea agreement that included a sentencing cap of 15 years and the understanding that the sentences for these two offenses would be served concurrently. The state also agreed to dismiss several other charges against the defendant and refrain from seeking any enhancement of sentence as a multiple offender. In accordance with the agreement and the sentencing cap, the defendant was sentenced to serve 15 years at hard labor on each count, with the sentences to be served concurrently. This appeal followed. Seeking to withdraw, the defendant’s appellate counsel filed an
 
 An-ders/Benjamin
 

 [1]
 

 brief in this court, which alleged that she could find no nonfrivolous issues to raise on appeal. For the following reasons, we grant the motion to withdraw and affirm the defendant’s convictions and sentences.
 

 FACTS
 

 The defendant was charged by bill of information with creation or operation of a clandestine laboratory for the unlawful manufacture of a Schedule II controlled dangerous substance, namely methamphetamine, with intent to distribute, contrary to La. R.S. 40:988. In a separate case, the defendant was charged by bill of information with possession of a Schedule I controlled dangerous substance, namely marijuana, with intent to distribute, contrary to La. R.S. 40:966(A)(1). Pursuant to a plea agreement, |2the defendant pled guilty as charged to the these two offenses. In exchange, the state agreed to a sentencing cap of 15 years, with the sentences for these two offenses to be served concurrently. The state also agreed not to charge the defendant as a multiple offender, and at least eight other charges pending against the defendant were dismissed. The terms of the plea agreement were made part of the record and the defendant expressly agreed to them.
 

 The factual basis for the guilty plea to creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine with intent to distribute, was stated by the prosecution on the record at the guilty plea hearing. According to the prosecution, during a four-month undercover narcotics investigation, the defendant was observed purchasing a large quantity of pseudoephedrine tablets from various establishments in Webster Parish. On or about the date of this offense, July 2, 2008, the vehicle in which the defendant was riding was pulled over. Officers located two boxes of Sudafed on both the defendant and another subject, as well as methamphetamine, plastic tubing,
 
 *904
 
 and rock salt. Law enforcement officers learned that the defendant and his accomplice planned on manufacturing some methamphetamine on the night of the arrest.
 

 Regarding the charge of possession of marijuana with intent to distribute, the prosecution stated that on September 30, 2007, after an investigation, law enforcement officers found the defendant to be in possession of a quantity of marijuana sufficient to indicate an intent to |sdistribute. The substance was tested by the North Louisiana Criminalistics Laboratory and determined to contain marijuana.
 

 After advising the defendant of the rights waived by pleading guilty and placing on the record the specific factors of the plea agreement, the trial court accepted the defendant’s plea of guilty to these two charges. The trial court ordered a presen-tence investigation report. At the sentencing hearing, the defendant was ordered to serve 15 years at hard labor on each offense, with the sentences to run concurrently, in compliance with the sentencing cap. The defendant was also recommended for the Blue Walters treatment program while incarcerated. The defendant filed a motion to reconsider sentence, which was untimely. However, the trial court denied the motion.
 

 Anders
 
 Brief
 

 The defendant appealed. The defendant’s appellate counsel filed a motion to withdraw, together with an
 
 Anders
 
 brief, which alleges that she could not find any nonfrivolous issue to raise on appeal. See
 
 Anders v. California, supra; State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176;
 
 State v. Benjamin, supra.
 
 The brief outlined the procedural history of the case and the recitation of facts presented during the guilty plea hearing. The brief also contained “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 State v. Jyles, supra.
 
 Defense counsel further verified that she mailed copies of the motion to withdraw and her brief to the defendant, in accordance with the
 
 Anders, Jyles, Mouton,
 
 and
 
 Benjamin
 
 cases.
 

 |4The state filed a letter eonem'ring that there are not any nonfrivolous issues to raise on appeal. On June 11, 2009, this court rescinded the previously fixed
 
 pro se
 
 briefing deadline and notified the defendant that he could file a brief in this appeal within 30 days of the order and request to view the appellate record within 10 days of the date of the order. The defendant has not requested the record or filed a brief.
 

 This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. The convictions are fully supported by the factual bases stated on the record by the assistant district attorney. See La. C. Cr. P. art. 894.1. The defendant was sentenced within the sentencing cap. Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, such as in the case
 
 sub judice,
 
 a sentence imposed within the agreed range cannot be appealed as excessive.
 
 State v. Smith,
 
 39,719 (La.App. 2d Cir.5/11/05), 903 So.2d 598. See also La. C. Cr. P. art. 881.2 and
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. McQuarters,
 
 44,074 (La.App. 2d Cir.4/8/09), 8 So.3d 822. Furthermore, the record supports the imposition of the agreed sentence of 15 years at hard labor for each of these convictions, to be served concurrently.
 

 
 *905
 
 CONCLUSION
 

 Based upon the reasons stated above, we find that there are not any nonfrivolous issues to raise on appeal; we also find no errors patent. | .^Consequently, the motion to -withdraw filed by the defendant’s appellate counsel is granted, and the defendant’s convictions and sentences are affirmed.
 

 MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990).