GASKINS, J.
 

 11 The defendant, Charles Voundle Reed, pled guilty to purse snatching pursuant to a plea agreement that included a sentencing cap of eight years. The state agreed to dismiss a charge of illegal possession of stolen things. In accordance with the agreement and the sentencing cap, the defendant was sentenced to serve eight years at hard labor. This appeal followed. Seeking to withdraw, the defendant’s appellate counsel filed an
 
 Anders/Benjamin
 

 [1]
 

 brief in this court, which alleged that he could find no nonfrivolous issues to raise on appeal. For the following reasons, we grant the motion to withdraw and affirm the defendant’s conviction and sentence.
 

 FACTS
 

 The defendant was charged by bill of information with one count of purse snatching, contrary to La. R.S. 14:65.1. Pursuant to a plea agreement, the defendant pled guilty as charged to that offense. In exchange, the state agreed to a sentencing cap of eight years, to have the court order a presentence investigation (PSI) report, and to dismiss a charge of illegal possession of stolen things. The terms of the plea agreement were made part of the record and the defendant expressly agreed to them.
 

 The factual basis for the charge of purse snatching was stated on the record at the guilty plea hearing. On January 4, 2009, the defendant ran into a McDonald’s restaurant in Springhill, Louisiana, grabbed the purse of an elderly woman, and ran out.
 

 After advising the defendant of the rights waived by pleading guilty and placing on the record the specific factors of the plea agreement, the trial pcourt accepted the defendant’s guilty plea and ordered a PSI report. At the sentencing hearing, the trial court outlined the factors considered in imposing the sentence and ordered the defendant to serve eight years at hard labor. The defendant filed a motion to reconsider sentence which was denied by the trial court.
 

 ANDERS
 
 BRIEF
 

 The defendant appealed. The defendant’s appellate counsel filed a motion to withdraw, together with an
 
 Anders
 
 brief, which alleges that he could not find any nonfrivolous issue to raise on appeal. See
 
 Anders v. California, supra; State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 *660
 

 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176;
 
 State v. Benjamin, supra.
 
 The brief outlined the procedural history of the case and the recitation of facts presented at the guilty plea hearing. The brief also contained “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 State v. Jyles, supra.
 
 Defense counsel further verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with the
 
 Anders, Jyles, Mouton,
 
 and
 
 Benjamin
 
 cases.
 

 The state filed a letter concurring that there are no nonfrivolous issues to raise on appeal. On March 10, 2010, this court rescinded the previously fixed
 
 pro se
 
 briefing deadline and notified the defendant that he could file a brief in this appeal within 30 days of the order and request to view the appellate record within 10 days of the date of the order. The defendant has not requested the record or filed a brief.
 

 |sThis court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. The conviction is fully supported by the factual bases stated on the record. See La.C.Cr.P. art. 894.1. The defendant was sentenced within the sentencing cap. Where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, as in the case
 
 sub judice,
 
 a sentence imposed within the agreed range cannot be appealed as excessive. See also La.C.Cr. P. art. 881.2;
 
 State v. Smith,
 
 39,719 (La.App.2d Cir.5/11/05), 903 So.2d 598;
 
 State v. McQuarters,
 
 44,074 (La.App.2d Cir.4/8/09), 8 So.3d 822. Furthermore, the record supports the imposition of the sentence of eight years at hard labor.
 

 CONCLUSION
 

 Based upon the reasons stated above, we find that there are no nonfrivolous issues to raise on appeal; we also find no errors patent. Consequently, the motion to withdraw filed by the defendant’s appellate counsel is granted, and the defendant’s conviction and sentence are affirmed.
 

 MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir. 1990).