GARRETT, J.
hThe defendant, James Jeffery Simmons, pled guilty to one count of felony theft pursuant to a plea agreement that included an agreed-upon sentence of seven years at hard labor, suspended; three years of active, supervised probation; restitution in the amount of $3,500 to be paid during the first year of probation; a fine of $5,000 and court costs to be paid during the first two years of probation. The trial court accepted the plea and sentenced the defendant in accordance with the plea agreement. This appeal followed. Seeking to withdraw, the defendant’s appellate counsel filed an Anders/Benjamin[1] brief in this court, stating that she could find no nonfrivolous issues to raise on appeal. For the following reasons, we affirm the defendant’s conviction, amend the sentence, and grant the motion to withdraw.
FACTS
On January 20, 2012, a bill of information was filed charging the defendant with one count of felony theft, a violation of La. R.S. 14:67(B)(1). The bill of information alleged that the defendant committed the theft of copper in an amount greater than $1,500. On June 1, 2012, the defendant appeared before the trial court. The defendant’s counsel specified for the record that the prosecution had offered the defendant a choice between two guilty pleas. He could plead guilty as charged and receive an agreed-upon sentence of two years, or plead guilty and receive an agreed-upon sentence of seven years suspended, three years of active, supervised 12probation, with a $5,000 fine, and $3,500 in restitution. The defendant accepted the offer for the probated sentence.
The trial court informed the defendant that felony theft carried a sentence of “zero to ten years, plus fines, and court costs.” The defendant was told that, by pleading guilty, he waived his right to trial by jury, right of confrontation, right against compulsory self-incrimination, and right of appeal. The defendant affirmed that no promises or threats had been made to force him to enter a guilty plea and that he was pleading guilty because he was guilty. The record reflects that the defendant was 48 years of age and had a GED. The defendant also represented to the court that he would be working in order to pay the restitution, fine and court costs.
The prosecution stated the factual basis for the plea. On September 19, 2011, the defendant committed the offense of felony theft by taking copper located inside an air conditioning unit belonging to Bella’s Hair Salon in Bossier City, Louisiana. The defendant took the air conditioner and sold it for scrap without the consent or permission of the owner, with the intent to permanently deprive the owner of the use of the air conditioner. The defendant confirmed that the facts stated by the prosecution were correct.
*537 The defendant pled guilty to felony theft and waived delays for sentencing. The trial court accepted the plea as being freely and voluntarily made. The trial court imposed sentence upon the defendant. The court stated that, pursuant to the agreed-upon sentence, the defendant was to serve seven years at hard labor, suspended, with three years of active, supervised [^probation. Special conditions of probation were imposed, including restitution of $8,500 to Bella’s Hair Salon to be paid during the first year of probation. The court also ordered an evaluation and treatment for any substance abuse problems as deemed necessary by the probation office. The defendant was also ordered to pay a fine of $5,000, plus court costs, to be paid over the first two years of his probation. The defendant was then informed of the delays for filing an appeal and for seeking post-conviction relief.
The defendant filed a motion to reconsider sentence, arguing that the trial court failed to take into consideration his substance abuse issues. The trial court denied the motion. The defendant filed a pro se motion for appeal which was granted by the trial court. The Louisiana Appellate Project was appointed to represent the defendant.
ANDERS BRIEF
The defendant’s appellate counsel filed a motion to withdraw, together with an An-ders brief which alleges that she could not find any nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, supra. The brief outlined the procedural history of the case and the recitation of facts presented at the guilty plea hearing. The brief also contained a “detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, supra. Defense counsel verified that she mailed copies of the motion to 14withdraw and the brief to the defendant, in accordance with the Anders, Jyles, Mouton, and Benjamin cases.
The state filed a letter concurring that there are no nonfrivolous issues to raise on appeal. On January 24, 2018, this court rescinded the previously fixed pro se briefing deadline and notified the defendant that he could file a brief in this appeal within 30 days of the order and request to view the appellate record within 10 days of the date of the order. The defendant did not request the appellate record or file a pro se brief.
DISCUSSION
We have examined all the pleadings filed in the district court, the court proceedings, the bill of information, and all transcripts contained in the record. The defendant was properly charged by bill of information and he was present in court and represented by counsel at all important stages of the proceedings. The defendant was informed of the charge against him and the rights waived by a plea of guilty. He admitted that he was guilty as charged. The conviction is fully supported by the facts stated on the record and admitted in court by the defendant.
The defendant was sentenced to an agreed-upon sentence and accepted all of the terms and conditions of the probation. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. See also State v. McQuarters, 44,074 (La.App.2d Cir.4/8/09), 8 So.3d 822. Our independent review discloses no nonfrivolous issues and no arguable issues *538 to support an appeal.' Further, the defendant’s | ¿contention that the trial court failed to consider substance abuse issues is without merit. The court specifically ordered an evaluation and treatment for any substance abuse issues as deemed necessary by the probation office.
Pursuant to La. C. Cr. P. art. 920, our error patent review reveals one error regarding the sentence. The fine imposed is illegally excessive.
The defendant was charged with felony theft under La. R.S. 14:67(B)(1), which provides for a penalty of imprisonment with or without hard labor, for not more than 10 years, or a fine of not more than $3,000, or both. In this case, a fine of $5,000 was imposed. We note that La. R.S. 14:67.28, prohibiting the theft of copper or other metals, provides that when the misappropriation or taking amounts to a value of $1,000 or more, the offender shall be fined not more than $5,000, imprisoned with or without hard labor for not more than 10 years, or both. This provision was added by Acts 2012, No. 164, § 1, and became effective August 1, 2012. The defendant here pled guilty June 1, 2012, two months before the provision went into effect. Because the defendant was charged under La. R.S. 14:67(B)(1), which provides for a maximum fine of $3,000, the $5,000 fine imposed here is illegally excessive. La. C. Cr. P. art. 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. Therefore, we amend the defendant’s sentence and order that he pay a fine of $3,000, in accordance with La. R.S. 14:67(B)(1).[2]
^CONCLUSION
For the reasons stated above, the motion to withdraw is granted. The conviction of the defendant, James Jeffery Simmons, is affirmed. The sentence is amended to vacate his illegally excessive fine, and impose a fine of $3,000 in accordance with the statute of conviction. As amended, the sentence is affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).

. Prior to the enactment of La. R.S. 14:67.28, theft of copper was sometimes charged under La. R.S. 14:67.23, dealing with theft of a used building component. See State v. Nelson, 44,762 (La.App.2d Cir. 10/28/09), 25 So.3d 905. The penalty for theft of a used building corn-ponent when the theft or taking amounts to a value or replacement value, whichever is greater, of $1,500 or more, is a fine of not more than $3,000, imprisonment with or without hard labor for not more than 10 years, or both.