Judgment rendered November 19, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,579-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOHN D. LaFLEUR                             Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 397,839

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPEALS & WRIT SERVICE          Counsel for Appellant
By: Holli Herrle-Castillo

JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney

ASHLIN N. THOMAS
ERIC M. WHITEHEAD
Assistant District Attorneys

* * * * *

Before STEPHENS, ROBINSON, and ELLENDER, JJ.

**ELLENDER, J.**

John LaFleur, age 78, was convicted by a jury of domestic abuse battery with strangulation, simple battery, and attempted cruelty to the infirm. The victim in all three of these crimes was LeFleur's wife of 58 years, Patricia, age 76. The trial court imposed concurrent sentences of three years at hard labor, with one year to be served without the benefit of probation, parole, or suspension of sentence, for domestic abuse battery with strangulation; six months for simply battery; and five years for attempted cruelty to the infirm. While not contesting his convictions, LaFleur does appeal his maximum sentences, arguing they are unconstitutionally excessive. We find no statutory authority for imposing any of the three-year sentence for domestic abuse battery involving strangulation without benefits, and therefore amend the sentence to delete that provision. In all other respects, the sentences are affirmed.

## FACTS

These crimes occurred at the LeFleurs' home in Shreveport on September 20, 2023, a week before they were reported to the police. Patricia testified at trial and described what happened to her while she and her husband were alone together at their home. Patricia said LeFleur asked her for something, but she told him no. After telling her you don't tell me no, he punched her in the mouth with his fist causing a tooth to go through her tissue, and hit her with his cane. When she unsuccessfully tried to defend herself with her own cane, LaFleur then choked her, pushed his thumbs against her throat, and did a "karate chop" to her throat. He momentarily stopped battering her and went to lie down on the sofa, giving Patricia an opportunity to retrieve her walker and try to walk past him. This

caused LaFleur to jam the walker against Patricia's legs and he then repeatedly hit her with his fists, quitting only when she begged him to stop.

The beating caused serious and significant black and blue bruising, with Patricia testifying LaFleur refused to let her leave their home for a week, even for medical appointments, because her bruising was so bad. When asked why she didn't initially call the police, Patricia testified LaFleur told her if she did, he would kill her. Because he had two loaded guns in the house, as well as several large hunting knives, Patricia believed his threats were legitimate. Finally, a week after the beating, LeFleur agreed to allow his wife to leave their home to go grocery shopping with their daughter-in-law, Rosa, who is married to their son, James. Patricia testified she was surprised he let her leave their home because significant bruising was still very visible.

On September 27, Rosa picked Patricia up from her home to take her grocery shopping at Walmart. When Rosa saw the bruises, Patricia told her told what happened. Rosa described her mother-in-law's demeanor as scared and quiet. They called James to let him know what occurred and Rosa described his mother's injuries to him; James told his wife and mother to call the police, a suggestion also made by employees at Walmart who saw the severe bruising.

Officer Amanda Peele with the Shreveport Police Department was dispatched to the Walmart in response to this call. Upon arrival she met with Patricia, who told the officer how her husband had beaten her and caused bruising on her arms, hands, face, and neck. After taking Patricia's and Rosa's statements, Ofc. Peele took photographs of the severe bruising, which she identified and described at trial. Ofc. Peele then proceeded to the

LaFleurs' home and arrested him for domestic abuse battery with strangulation.

Once LaFleur was arrested, Patricia moved the money in their joint bank accounts into an account only in her name because of her fear that if he had access to that money, he might bond himself out of jail and come find her. She also hired a divorce attorney. Patricia testified the bruising from the beating she received took a month or two to subside. She also testified her husband had been hitting her for years in inconspicuous places so any resultant bruising would be hidden from others by her clothing, but she did not report any of those incidents to the police because of threats he made.

LaFleur testified in his own defense and denied any physical altercations with his wife on the date of the incident. LaFleur maintained his age and physical limitations made it impossible for him to beat his wife so severely. He testified he saw no bruises on his wife when she left for Walmart that day.

LeFleur was charged with domestic abuse battery with strangulation, La. R.S. 14:35.3(L); aggravated battery, La. R.S. 14:34; and cruelty to the infirm, La. R.S. 14:93.3. After deliberating for a little less than two hours, the jury convicted LaFleur of as charged of domestic abuse battery with strangulation, and responsively to simple battery, and attempted cruelty to the infirm.

At sentencing, the trial court stated it had never seen bruising as severe as that shown in the photographs of Patricia, which depicted bruising on her neck and face, shoulders and chest, a large knot on her left cheek, and multiple scratches and other injuries. The trial court found several aggravating factors applicable, but the only mitigating factor was LaFleur's

3

lack of criminal history. After the concurrent sentences were imposed, LeFleur filed a motion to reconsider sentence, which was summarily denied.

This appeal followed.

## DISCUSSION

LaFleur argues his three-year sentence for domestic abuse battery with strangulation and five-year sentence for attempted cruelty to the infirm are excessive because the trial court failed to consider mitigating circumstances as required by La. C. Cr. P. art. 894.1. He contends the conduct is unlikely to occur again because Patricia cut him off financially, filed for divorce, and refused to allow LaFleur to live with her again should he be released. LaFleur argues he is likely to respond well to probationary treatment because it is his first offense, he has been incarcerated since his arrest, and his advanced age and poor health make his compliance with probation more likely. He also argues the imposition of two maximum sentences amounts to excessive hardship due to his age and physical limitations. In support of this argument, he points to his need for a wheelchair to get around, his reliance on narcotic medications, his bad back, and his issue with repeatedly falling down. LaFleur claims the imposition of maximum sentences serves no purpose other than to needlessly inflict pain and suffering, and he asks this court to vacate his sentences and remand for the imposition of less harsh sentences.

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a

4

particular case, and, therefore, is given broad discretion in sentencing. *State v. Williams*, 56,184 (La. App. 2 Cir. 2/26/25), 409 So. 3d 306, *writ denied*, 25-00372 (La. 5/20/25), 409 So. 3d 218, *citing State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957. As a general rule, maximum or near sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Williams*, *supra*.

Appellate review of sentences for excessiveness is a two-pronged inquiry. *State v. Caldwell*, 56,269 (La. App. 2 Cir. 5/21/25), 411 So. 3d 934, *citing State v. Benavides*, 54,265 (La. App. 2 Cir. 3/9/22), 336 So. 3d 114. First, the record must show that the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. *Id*. No sentencing factor is accorded greater weight by statute than any other factor. *Id*.

The second prong is unconstitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. *Id*. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. *Id*. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such

a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *Id*. The issue is not whether some other sentence might have been more appropriate, but whether the district court abused its discretion. *Id*.

At the time of the commission of LeFleur's crimes, La. R.S. 14:35.3(L) provided that if the domestic abuse battery involved strangulation, the offender shall be imprisoned at hard labor for not more than three years.[1] Cruelty to the infirm, La. R.S. 14:93.3(E)(1), provides a sentence of up to ten years, with or without hard labor, with at least one year of the sentence to be served without benefit of parole, probation, or suspension of sentence when the act of cruelty to persons with infirmities was intentional and malicious. As LaFleur was found guilty of *attempted* cruelty to the infirm, the maximum penalty allowed at the time of the offense would have been five years at hard labor. La. R.S. 14:27(D)(3).

As to the first prong of this court's review for excessiveness, we find the district court fully complied with La. C. Cr. P. art. 894.1; the record supports the trial court considered both aggravating and mitigating factors prior to imposing LaFleur's sentences. The second prong of our review also reveals no abuse of the district court's sentencing discretion and no violation of La. Const. art. 1, § 20. The sentences imposed are statutorily permitted, and they certainly do not shock the sense of justice when considering the facts of this case.

---

[1] Act. No. 131 of the 2024 Regular Legislative session, now codified as La. R.S. 14:35.3(L)(2), became effective on August 1, 2024, and provided additional penalties for persons convicted of domestic abuse battery involving strangulation. As revised, La. R.S. 14:35.3(L)(2) now states if the strangulation results in serious bodily injury, the offender, in addition to any other penalties imposed pursuant to present law, shall be imprisoned at hard labor for not less than five nor more than 50 years without benefit of probation, parole, or suspension of sentence.

While maximum sentences are reserved for the worst offenders, considering the severity of the abuse by LaFleur, the injuries resulting from that abuse, and the apparent prolonged nature of this misconduct during the course of their marriage, the evidence offered at trial supports the state's argument that LaFleur should be considered one of the worst offenders. In light of the photographs of Patricia's injuries, which depict horrific bruising despite being taken a week after she was beaten, and which the trial court described as the worst photographs of bruising it had ever seen, we cannot say the trial court erred in determining the maximum sentences were appropriate in LaFleur's case.

Further, though three and five years are the maximum terms of imprisonment for their respective offenses, the trial court imposed the sentences concurrently, rather than consecutively. While it is common for sentences arising out of a single course of conduct to be served concurrently, concurrent sentences are not mandatory in such situations. *State v. Heath*, 53,559 (La. App. 2 Cir. 11/10/20), 304 So. 3d 1105, *writ denied*, 20-01422 (La. 4/7/21), 313 So. 3d 981. By receiving concurrent sentences, LeFleur has received a benefit as compared to consecutive sentences, which the record may have supported.

Ultimately, because the record contains adequate support for the sentences imposed, we find the excessive sentence claims made by LaFleur lacking in merit.

**ERROR PATENT**

We note the trial court erred by imposing one year of the three-year sentence for domestic abuse battery with strangulation without the benefit of probation, parole, or suspension of sentence. There is no provision in this

statute allowing any denial of benefits. La. R.S. 14:35.3(L). The Louisiana Supreme Court has consistently held that when a defendant is sentenced under a statute that contains no prohibition of parole, the district court must sentence the defendant to a term that does not include such a prohibition, because parole eligibility under La. R.S. 15:574.4 is to be determined by the Department of Corrections. *State ex rel. Porter v. State*, 04-2080 (La. 11/28/05), 916 So. 2d 123; *State v. Small*, 56,089 (La. App. 2 Cir. 2/26/25), 408 So. 3d 441. La. C. Cr. P. art. 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. Therefore, we amend the defendant's sentence for domestic abuse strangulation and delete the portion that imposed one year of the three-year sentence without benefits. *State v. Simmons*, 47,857 (La. App. 2 Cir. 5/15/13), 114 So. 3d 535.

**CONCLUSION**

John LaFleur's convictions are affirmed. The sentence for domestic abuse battery with strangulation is amended to delete the provision that imposed one year of the three-year sentence to be without the benefit of probation, parole, or suspension of sentence. In all other respects, the sentences are affirmed.

**CONVICTIONS AFFIRMED. SENTENCES FOR SIMPLE BATTERY AND ATTTEMPTED CRUELTY TO THE INFIRM AFFIRMED. SENTENCE FOR DOMESTIC ABUSE BATTERY WITH STRANGULATION AMENDED AND, AS AMENDED, AFFIRMED.**