NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-491

STATE OF LOUISIANA

VERSUS

WENDELL JOSEPH BIENVENU

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 128182
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

William Thomas Babin
Assistant District Attorney, 15th Judicial Distric Court
P. O. Box 3306
Lafayette, LA 70502
(337) 232-5170
Counsel for Plaintiff/Appellee:
State of Louisiana

**Michael Harson**
**District Attorney, 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Donald D. Cleveland**
**Attorney at Law**
**P. O. Box 3611**
**Lafayette,LA 70501**
**(337) 572-9874**
**Counsel for Defendant/Appellant:**
**Wendell Joseph Bienvenu**

**SAUNDERS, Judge.**

The Defendant, Wendell Joseph Bienvenu, was charged by bill of information filed on April 6, 2010, with carnal knowledge of a juvenile, in violation of La.R.S. 14:80, and distribution of Alprazolam, in violation of La.R.S. 40:969. The Defendant entered a plea of not guilty on May 18, 2010. On September 20, 2010, the Defendant entered a plea of guilty to carnal knowledge and the distribution charge was dismissed. The Defendant was sentenced on January 20, 2011, to serve ten years at hard labor. Four years of the sentence were suspended, and the Defendant was placed on five years' supervised probation. A motion to reconsider sentence was filed on February 16, 2011, and was subsequently denied. A motion for appeal was filed on March 10, 2011, and was granted.

The Defendant is now before this court asserting six assignments of error. Therein, he contends the following: 1) his sentence is excessive; 2) the trial court failed to comply with La.Code Crim.P. art. 894.1; 3) the trial court erred in accepting his guilty plea without a proper factual basis; 4) the trial court failed to comply with La.Code Crim.P. art. 556.1; 5) the trial court imposed an indeterminate sentence; and 6) the record should be reviewed for errors patent. We find that these assignments of error lack merit and affirm.

**FACTS:**

On or about May 30, 2008, the Defendant had sexual intercourse with a female under the age of seventeen but over the age of twelve.

**ERRORS PATENT & ASSIGNMENT OF ERROR NO. 6:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ASSIGNMENT OF ERROR NO. 3:**[1]

In his third assignment of error, the Defendant contends the trial court erred in accepting the guilty plea without a proper factual basis being established. Within this assignment of error, the Defendant makes claims regarding his being informed of and understanding the nature of the offense. We will address the claims regarding the nature of the offense in assignment of error number four, as the Defendant raises the issue in that assignment of error as well.

> There is no requirement that a guilty plea be accompanied by the recitation of a factual basis for the crime. *State v. Wynne*, 40,921 (La.App.2d Cir.4/12/06), 926 So.2d 789 (citing *State v. Griffin*, 633 So.2d 358 (La.App. 1st Cir.1993), *writ denied*, 94-0240 (La.10/14/94), 643 So.2d 157[.] "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. . . . Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis." *State v. Wynne*, 926 So.2d at 796). Due process requires a finding of a significant factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. *State v. Brooks*, 39,963 (La.App. 2d Cir. 9/22/04), 882 So.2d 724, 730, *writ denied*, 2004-2634 (La.2/18/05), 896 So.2d 30.

*State v. Yates*, 41,247, pp. 3-4 (La.App. 2 Cir. 9/27/06), 940 So.2d 147, 150-51.

Given the lack of requirement cited above, this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NO. 4:**

In his fourth assignment of error, the Defendant contends the district court failed to comply with La.Code Crim.P. art. 556.1.

Louisiana Code of Criminal Procedure Article 556.1 sets forth the duties of the trial court when accepting a guilty plea:

---

[1]We will discuss the assignments of error dealing with the Defendant's guilty plea before those pertaining to his sentence.

A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.

(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.

(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.

C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.

D. In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.

E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.

The Defendant contends the following: 1) the trial court failed to advise him of the nature of the charge to which his plea was offered; 2) the trial court failed to ensure he was aware of and understood the maximum penalty he was exposed to; 3)

3

the plea agreement did not set forth the provisions of La.R.S. 15:537 and La.R.S. 15:544; and 4) defense counsel's discussions with him regarding the terms of the plea agreement and his understanding of the terms of the plea agreement were not made a part of the record.

In support of his arguments, the Defendant cites the following portions of the *Boykin* colloquy:

> THE COURT: If I understand what you've told me this evening, you've told me that you have had enough time to talk with your lawyers about all the facts and circumstances of your individual cases; is that correct?
>
> . . . .
>
> THE COURT: You've told me you've had enough time to talk with your lawyers about all the rights that you're waiving by pleading guilty; is that correct?
>
> . . . .
>
> THE COURT: You've told me you've had enough time to talk with your lawyers about all the terms of the plea agreement; is that correct?

The Defendant admits that he answered each of the trial court's questions affirmatively. He notes questions were directed to all defendants regarding information provided to them by defense counsel concerning the nature of the charges and the penalty to which they were exposed. However, he avers the record is devoid of what defense counsel may or may not have told him. Further, the *Boykin* transcript does not indicate whether defense counsel was present at the taking of the plea.[2] The Defendant asserts this is a critical concern because he pled guilty to the charged offense and threw himself on the mercy of the trial court.

The Defendant contends there is nothing in the *Boykin* transcript about the maximum penalty. He notes the only notice of the sentencing scheme would have

---

[2]During the taking of the Defendant's plea, the trial court stated the following: "You all obviously know that you have the right to be represented by a lawyer because, in fact, you all are represented by lawyers." Additionally, the court minutes as well as the cover page of the plea transcript indicate the Defendant was represented by counsel at the plea proceedings.

come from his attorney and what was written on the plea agreement form. The Defendant contends he entered into an open-ended plea and there were no real terms of the plea agreement other than the expectation of a pre-sentence investigation report. The Defendant asks, "What did that pre-sentence investigation **mean** to the defendant, Wendell Joseph Bienvenu? What had he been told by his attorney that the pre-sentence investigation meant within the legal system and its impact, if any, on the sentence the defendant would ultimately receive." The Defendant asserts these questions were not addressed on the record by the trial court before accepting his guilty plea, and there is nothing in the record from which the answers to these critical questions could now be inferred.

The Defendant contends that it cannot be assumed that an attorney would consider the possibility of the trial court suspending a portion of the statutory sentence only to impose a probationary period greater than the portion of the sentence that was suspended thereby making the total sentence more than that provided by La.R.S. 14:80. The Defendant contends it was necessary for the trial court to ask him if he had any knowledge of the penalty enhancement statutes or the possibility that he could receive a term of incarceration followed by a probationary period that could result in a sentence that would not be discharged for as many as twenty-one years.[3] The Defendant contends it is not now known exactly what defense counsel discussed with him about the terms of the plea agreement because that information was not made part of the record in open court as required by La.Code Crim.P. art. 556.1.

The Defendant also contends the plea agreement did not set forth the provisions of La.R.S. 15:537 and La.R.S. 15:544, two penalty enhancing statutes

---

[3]We assume that the Defendant is adding the six years he must serve in prison with the fifteen years he must register as a sex offender to arrive at twenty-one years.

5

applicable to sex offenders, and the trial court was obligated to make certain that these penalty exposures were made known to him prior to accepting his guilty plea.

The Defendant further contends the trial court failed to establish, on the record, what he had been told, knew, or otherwise understood about the nature of the charge against him. He alleges the factual basis set forth by the State did not include his name, the identity of the victim, the victim's age, and where the alleged crime took place. The Defendant asserts the recitation did not provide him adequate notice of the charge to which he was pleading guilty and delve into his understanding of the charge. Thus, he was inadequately apprised of the nature of the charge and was unable to render a voluntary and knowing plea of guilty. The Defendant asserts that obtaining more of the factual circumstances underlying the case may have precluded the necessity of asking those questions now on a silent record.

The Defendant argues that failure to comply with the mandates of La.Code Crim.P. art. 556.1 renders his guilty plea invalid, as it was unknowingly and involuntarily entered. The Defendant further argues a harmless error review is inapplicable in the case at bar under the guiding criteria set forth in *U.S. v. DeCicco*, 899 F.2d 1531 (7th Cir. 1990); *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253 (1976); *State v. Reynolds*, 98-170 (La.App. 5 Cir. 7/28/98), 716 So.2d 485, *vacated per defendant's motion*, 98-2281 (La. 4/16/99), 733 So.2d 1191, *abrogated by State v. Guzman*, 99-1753 (La. 5/16/00), 769 So.2d 1158; and *State v. Jones*, 99-122 (La.App. 3 Cir. 6/23/99), 742 So.2d 597, *rev'd*, 99-2207 (La. 1/29/01), 778 So.2d 1131.

In *DeCicco*, 899 F.2d 1531, the court held the test for reversal of a guilty plea on appeal was whether, looking at the totality of the circumstances surrounding the plea, the defendant was informed of his rights. In *Henderson*, the

Supreme Court stated that a plea could not be voluntary unless a defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Henderson*, 426 U.S. at 645, 96 S.Ct. at 2257-58 (*citing Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941)).

In *Reynolds*, 716 So.2d 485, the fifth circuit cited *DeCicco*, 899 F.2d 1531, and found the record was devoid of any evidence that either defense counsel, the trial court, the State, or anyone else discussed the nature of the crime or the sentencing exposure with the defendant. It then vacated the defendant's plea. In *Jones*, 742 So.2d 597, this court found the trial court's failure to personally inform the defendant of the nature of and the penalty for the offense was reversible error. Both *Reynolds*, 716 So.2d 485, and *Jones*, 742 So.2d 597, have been reversed.

In support of his arguments, the Defendant also cites *State v. Garth*, 622 So.2d 1189 (La.App. 2 Cir. 1993); *State ex rel. LaFleur v. Donnelly*, 416 So.2d 82 (La.1982); *State v. Hill*, 30,552 (La.App. 2 Cir. 5/13/98), 714 So.2d 814; and *State v. Cassels*, 27,227 (La.App. 2 Cir. 2/28/96), 669 So.2d 715.

In *Garth*, 622 So.2d 1189, the second circuit stated a guilty plea would not be considered knowingly and voluntarily entered unless the trial court apprised the defendant of the possible range of sentences for the offense to which he pled guilty. In *LaFleur*, 416 So.2d at 84, the supreme court reversed the defendant's convictions and sentences and stated:

> [A] detailed account of the possible sentences by the trial court could have prevented any misunderstanding with regard to parole eligibility on the firearms charge. A full explanation of the sentence provided for an offense by the legislature seems particularly important when, as part of the penalty for the offense, parole eligibility is denied, because the accused may be far more concerned about the possibilities for early release than any abstract right to confront his accusers at trial.

7

In *Hill*, 714 So.2d 814, the defendant pled guilty to sexual battery and was advised that it carried a maximum sentence of ten years at hard labor. The trial court did not advise him that any sentence imposed was required to be served without benefit of probation, parole, or suspension of sentence and without eligibility for good time. The record did not show that anyone else advised him of the mandatory aspect of the sentence. The second circuit concluded the failure of the trial court to inform the defendant that his maximum ten-year sentence must be served without benefits was reversible error. On *en banc* rehearing, the second circuit noted the denial of good time was not mandated by La.R.S. 14:43.1, the court did not intend to engraft it onto the statute, and did not utilize it to reach its decision. In *Cassels*, 669 So.2d 715, the second circuit stated it had recognized that a defendant should be apprised of the possible range of sentences for the offense to which he was pleading guilty and that this advice included the defendant's understanding of both the maximum and minimum sentence he faced and any other sentencing consequences resulting from his plea.

## ANALYSIS:

> A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Kennedy*, 42,850 (La.App.2d Cir.1/9/08), 974 So.2d 203. An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed.

*State v. Minniefield*, 43,300, p. 3 (La.App. 2 Cir. 6/4/08), 986 So.2d 227, 230.

> In *State v. Guzman*, 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, 1162, the Louisiana Supreme Court held, "whether a trial court complied with La.C.Cr.P. art. 556.1 is not subject to error patent review but must instead be designated as an assignment of error by the defendant on appeal." . . .

The *Guzman* court further held that "violations of La.C.Cr.P. art. 556.1 which do not rise to the level of *Boykin* violations are not exempt from the broad scope of La.C.Cr.P. art. 921." *Id.* at 1164. Article 921 states, "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." The *Guzman* court reiterated the rule that the core *Boykin* constitutional requirements do not include advice regarding sentencing and adopted and detailed a harmless error test for cases involving violations of Article 556.1(A)(1) and (E).

*State v. Phayarath*, 03-838, pp. 1-2 (La.App. 3 Cir. 2/4/04), 866 So.2d 332, 333-34, *writ denied*, 04-718 (La. 6/18/04), 876 So.2d 804.

At the plea proceeding, the Defendant was advised of and waived his constitutional rights to avoid self-incrimination, to have a trial, and to confront his accusers. The plea form filed in the record stated, "I, DEFENDANT above, on my plea of **GUILTY/NOLO CONTENDRE** to the charge(s) under the statute(s) above described have been informed and understand the charge(s) to which I am pleading . . . ." The plea form also stated the Defendant was subject to imprisonment for not more than ten years and a fine of not more than $5,000.00. The form further listed plea recommendation options and "**PRE-SENTENCE INVESTIGATION** TO BE ORDERED" was marked. The signatures of the Defendant and his attorney appeared on the form, which was dated September 20, 2010, the date the Defendant entered his plea of guilty. The Defendant was asked by the trial court if he signed the form, and he indicated that he had. The Defendant also indicated he read the form before he signed it and talked to his attorney before he signed it. The trial court subsequently stated the form contained a description of the maximum penalty that could be imposed, as well as several other things, and asked the defendant if his attorney had discussed the information with him. The Defendant responded affirmatively. The Defendant was later told to review "what it says under the words 'Plea Agreement' or 'Plea

9

Recommendation.'" The Defendant was then asked if there was anything written on the form that he did not agree to. The Defendant indicated there was not. The Defendant also heard the factual basis presented by the State and agreed that the recitation reflected what happened and admitted he committed the offense. The trial court subsequently stated, "You've told me you've had enough time to talk with your lawyers about all the terms of the plea agreement; is that correct?" The Defendant answered affirmatively. When asked if he had any questions about anything the trial court had stated, the Defendant indicated he did not. The Defendant later stated it was his desire to plead guilty.

**Nature**[4]

In *State v. Morrison*, 99-1342, pp. 2-3 (La.App. 3 Cir. 3/1/00), 758 So.2d 283, 284, this court stated: "This court has interpreted Article 556.1's requirement that the Defendant be informed of the nature of the charges against him as a requirement that the defendant be advised of the elements of the charges against him. *State v. Whiddon*, 99-1 (La.App. 3 Cir. 6/2/99); 741 So.2d 797." In *State v. Smithey*, 441 So.2d 837, 840 (La.App. 3 Cir. 1983), this court declared:

> It is our view that the United States Supreme Court did not intend for the trial court to review with the accused a ritualistic litany of the elements of the crime for which he is charged. The elements requirement is met if the charge is explained to the accused. This interpretation is consistent with the *Henderson* case, supra, which states as follows:
>
> \*       \*       \*       \*       \*       \*
>
> *"Petitioner argues that affirmance of the Court of Appeals will invite countless collateral attacks on judgments entered on pleas of guilty, since frequently the record will not contain a complete enumeration of the elements of the offense to which an accused person pleads guilty. We think petitioner's fears are exaggerated.*

---

[4]In his discussion regarding the trial court's failure to advise him of the nature of the offense, the Defendant makes several references to the sentencing transcript.

*Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. . . ."*

The Louisiana Supreme Court has also adopted the same view. *State v. Bowick*, 403 So.2d 673 (La.1981). In accord see *State v. Thomas*, 434 So.2d 530 (La.App. 2 Cir.1983).

Felony carnal knowledge of a juvenile occurs when "[a] person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater." La.R.S. 14:80(A)(1). At the plea proceeding, the State asserted it would prove that "on or about the 30th day of May, 2008, the defendant being over the age of 19 did commit carnal knowledge of a juvenile engaging in sexual intercourse with a female under the age of 17 and over the age of 12."

In *State v. Jones*, 99-1074, pp. 1-2 (La.App. 3 Cir. 3/8/00), 758 So.2d 905, 906, *writ denied*, 00-1843 (La. 8/31/01), 795 So.2d 1202, this court set forth the following:

BY THE COURT:

Q: Lyle Raheem Jones, you're charged in Count I with attempted first degree murder of Raven Richard; Count II, attempted first degree murder of Liza Jackson; Count III, conspiracy to commit first degree murder with a minor in violation of R.S. 14:26 and 14:30. You, as I understand it, are going to plead to attempted first degree murder of Raven Richard and attempted first degree murder of Liza Jackson. You understand that?

A: Yes, sir.

11

Q: The bargain in this case between you and the district attorney's office is you're to receive concurrent sentences. You understand that? You know what that means?

A: Yes, sir.

Q: We're gonna talk about that a little later on. You understand though that you could be sentenced on these charges on each one of these counts not less than ten, no more than fifty years at hard labor? You understand that?

A: Yes, sir.

A review of the record reveals that the requirements of La.Code Crim.P. art. 556.1 were met. There is simply nothing to indicate that Defendant was not adequately informed as to the nature of the crime or the sentencing exposure which would result from his plea of guilty.

The trial court in *Jones* did not set forth the elements of attempted first degree murder. Nevertheless, this court found the defendant was adequately informed of the nature of the crime.

The record in the case at bar does not indicate the Defendant was informed of all elements of the offense of felony carnal knowledge of a juvenile. However, the Defendant acknowledged that he spoke to his attorney about the facts and circumstances of the case, the State presented a factual basis for the offense that included several elements of the offense, he agreed with the factual basis presented by the State, and he admitted he committed the offense. Based on *Jones* and the Defendant's acknowledgements, we find that the Defendant was adequately apprised of the nature of the offense.

**Sentencing Range**

The sentencing range provided by La.R.S. 14:80 for felony carnal knowledge of a juvenile was set forth on the plea form signed by the Defendant and his attorney. In *State v. Campbell*, 08-1226, pp. 5-6 (La.App. 5 Cir. 5/26/09),

15 So.3d 1076, 1079-80, *writ denied*, 09-1385 (La. 2/12/10), 27 So.3d 842 (footnotes omitted), the fifth circuit stated the following:

> This Court has previously considered the same argument presented by defendant and concluded that the mere fact that the trial court failed to inform the defendant of the statutory minimum and maximum sentence and the possibility of the imposition of a fine under the statute charged does not render the plea involuntary. We noted that, although the trial court did not advise the defendant of the statutory minimum sentence for one of the offenses, the defendant conferred with her attorney before entering her guilty pleas. This Court also noted that the defendant's sentence was part of a plea bargain, she was clearly advised of the sentence which she would receive by pleading guilty, and her plea bargain was "highly successful" in that she received a sentence considerably below the statutory maximum. We further found the trial court's failure to advise the defendant of the applicable fines was inconsequential because no fines were actually imposed.
>
> In the matter before us, as in *Gilliam*, [01-748, 01-749, 01-750 (La.App. 5 Cir. 1/15/02), 807 So.2d 1024, *writ* denied, 02-512 (La. 11/1/02), 828 So.2d 562,] the defendant conferred with counsel prior to entering his guilty pleas. Additionally, the guilty plea form executed by defendant contained the full sentencing range for all three offenses, including the minimum sentence for each offense. Thus, it is clear from the record that the defendant knew the minimum sentences and the possibility of fines before he entered a plea of guilty. Further, the sentences imposed pursuant to the plea bargain were clearly advantageous to the defendant since he received the minimum sentence on count one and mid-range sentences on counts two and three. Therefore, the failure of the trial court to properly inform the defendant of the full sentencing ranges in open court does not render the plea unknowing and involuntary.

In *State v. Craig*, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, the fifth circuit stated the defendant was told the proper maximum sentence by means of the waiver of rights form. Further, the advisement of the agreed-upon sentence was sufficient for compliance with La.Code Crim.P. art. 556.1.

Based on the fact that the Defendant conferred with his attorney prior to entering his guilty plea and signed the plea form, which contained the sentencing range for felony carnal knowledge of a juvenile, we find that the Defendant was aware of the maximum sentence provided for by La.R.S. 14:80.

**La.R.S. 15:537**

13

Louisiana Revised Statute 15:537(A) provides that a person convicted of felony carnal knowledge of a juvenile who is sentenced to imprisonment for a stated number of years or months shall not be eligible for diminution of sentence for good behavior. The Defendant contends the trial court failed to inform him of the provisions of the statute, and its failure to do so constituted a violation of *Boykin* and La.Code Crim.P. art. 556.1.

In *State v. Herrington*, 32,858 (La.App. 2 Cir. 12/8/99), 749 So.2d 862, the defendant argued the trial court failed to inform him, prior to the entry of his guilty plea, that he would be required to serve eighty-five percent of his sentence prior to being eligible for parole. Therefore, he claimed, his plea was not voluntarily entered. The second circuit noted the trial court had informed the defendant of the statutory penalty for aggravated battery. It then said the question at issue was whether parole eligibility restrictions found in La.R.S. 15:574.4(B) must be told to a defendant prior to the entry of a guilty plea. The second circuit found the following:

> The defendant bases his argument on *State v. Hill*, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814, which requires that defendants be informed when a sentence must be served "without the benefit of parole." In *Hill*, the defendant was charged with sexual battery, which carries a maximum sentence of 10 years, with or without hard labor, and the sentence must be served without the benefit of parole, probation or suspension of sentence. The court failed to inform the defendant that his sentence would be "without the benefit of parole." On that basis, this court set aside Hill's guilty plea, finding that, without the information that the sentence must necessarily be served without the benefit of parole, the plea was not voluntary. However, in *Hill*, the denial of parole was a part of the sentence set forth in the statute of conviction. In the present case, the restriction on parole eligibility is not a part of the statutory penalty.
>
> In *State v. Lewis*, 30,536 (La.App.2d Cir.4/8/98), 711 So.2d 383, the defendant made an argument similar to that raised in the present case. The defendant pled guilty to drug related charges. After the plea, the defendant discovered that he was not eligible for parole under La. R.S. 15:574.4 because he was a third felony offender. He appealed, arguing that his plea was not voluntary because he was not informed

14

of his ineligibility for parole. This court held that the trial court did not have to inform the defendant that he was ineligible for parole because it was not part of the statute under which he pled guilty. In *State v. Lewis*, *supra*, this court stated:

> Defendant was . . . a third-felony offender. LSA-R.S. 15:574.4 A(1) provides, in pertinent part, that "[a] person convicted of a third or subsequent felony . . . shall not be eligible for parole." Thus, Defendant's ineligibility for parole arises from his status as a third-felony offender and not as a mandatory portion of the sentence to be imposed under the statute of conviction.
>
> Since Defendant is ineligible for parole due to his status as a third-felony offender rather than due to a mandate of the statute of conviction, the district court was not required to advise him of that ineligibility at the time it accepted his guilty plea.
>
> In *State v. Lewis*, *supra*, the defendant was denied parole eligibility due to his status as a third felony offender. In the present case, the defendant is required to serve 85 percent of his sentence of incarceration due to his status as a violent offender. The requirement that the defendant serve 85 percent of his sentence prior to parole eligibility upon conviction of a crime of violence stems from La. R.S. 15:574.4, rather than the aggravated battery statute, La. R.S. 14:34. Under *State v. Lewis*, *supra*, the trial court was not required to inform the defendant that he would not be eligible for parole until he served 85 percent of his sentence.

*Id*. at 866-67. *See also State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

In *State v. Prejean*, 08-1192 (La. 2/6/09), 999 So.2d 1135, the supreme court found the provisions of La.R.S. 15:537(A) did not form part of the sentence the trial judge was required to impose but were a directive to the Department of Corrections in computing an inmate's sentence.

As the provisions of La.R.S. 15:537 are not part of the sentence provided for by La.R.S. 14:80 and are not part of the core *Boykin* requirements, we find that the trial court was not required to inform the Defendant that he was ineligible for diminution of sentence for good behavior prior to accepting his plea of guilty.

**La.R.S. 15:544**

Louisiana Revised Statutes 15:544 sets forth the length of time a person required to register and provide notification as a sex offender is mandated to do so. The Defendant contends the trial court failed to inform him of the provisions of this statute in violation of *Boykin* and La.Code Crim. P. art. 556.1.

We note that the Defendant does not contend he was not informed of the sex offender registration and notification requirements but complains he was not informed of the length of time he would be required to register pursuant to La.R.S. 15:544. However, that information is required to be on the form provided to a defendant before the defendant enters a plea of guilty to a sex offense. La.R.S. 15:543 and La.R.S. 15:543.1.

This court discussed the jurisprudence regarding a trial court's failure to advise a defendant of the sex offender registration and notification requirements prior to accepting a guilty plea in *State v. G.T., Jr.*, 10-1469, pp. 10-18 (La.App. 3 Cir. 6/15/11), __ So.3d __as follows:[5]

> In support of his contention, Defendant refers to *State v. Calhoun*, 96–786 (La.5/20/97), 694 So.2d 909, in which the trial court did not advise the defendant at the guilty plea stage, either in writing or in the guilty plea colloquy, of the provisions of the sex offender registration laws. The defendant entered a "best interest" guilty plea to the charge of molestation of a juvenile and an unrelated charge of pornography involving juveniles. Prior to sentencing, the defendant filed a motion to withdraw his guilty pleas and to terminate counsel based on allegations of ineffective assistance of counsel. At the hearing, the motion to withdraw his guilty pleas was enlarged to include the district court's failure to inform the defendant of the sex offender registration requirements. The defendant's motion to terminate counsel was granted, but the motion to withdraw his pleas was denied. At sentencing, the defendant was informed of the sex offender registration requirements. The trial court's denial of his motion to withdraw his pleas was affirmed by the court of appeal.
>
> The supreme court found that the decision to delay notification until sentencing was contrary to La.R.S. 15:543(A). At the time of the offense, La.R.S. 15:543(A), read:

---

[5]This case can be found by using Westlaw citation 2011 WL 2327260.

The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.

Also, the defendant, without representation at the hearing on his motions, implied that he would not have pled guilty had he been informed of the registration requirements. The supreme court concluded that the district court's failure to advise the defendant of the registration requirements, in writing or otherwise, before accepting his guilty plea, amounted to untimely notice under the statute and, thus, undercut the voluntariness of his plea.

Relying on the *Calhoun* decision, the fourth circuit in *State v. Myers*, 98–1213 (La.App. 4 Cir. 2/9/00), 753 So.2d 921, found that the trial court erred in denying the defendant's motion to be relieved of the sex offender registration requirements. The defendant pled guilty to molestation of a juvenile and was subsequently sentenced. A few years later, the defendant filed a petition to be relieved of the duty to comply with the sex offender registration requirements. He argued that his future registration would not serve the purposes of the sex offender registration statutory scheme. The appellate court found that the trial court's denial of the petition on this basis was not an abuse of discretion. In the defendant's brief on appeal, however, he alleged that the trial court did not inform him of the sex offender notification requirements prior to entering his guilty plea. Although the voluntariness of his plea was not before the court, the appellate court remanded the matter to the trial court to allow the defendant the opportunity to formally withdraw his guilty plea.

Only months later, the issue was raised again before the fourth circuit in *State v. Johnson*, 99–2104 (La.App. 4 Cir. 9/6/00), 769 So.2d 660, in which the court held that the defendant was entitled to withdraw his guilty plea to forcible rape. The defendant filed two motions to withdraw his guilty plea prior to sentencing which were both denied by the trial court. On writs, the appellate court found that the trial court abused its discretion in denying the defendant's motions to withdraw his guilty plea. The supreme court remanded the case to the appellate court for briefing and a full opinion. In granting the writ, the appellate court stated:

On the showing made and in light of *State v. Calhoun*, 694 So.2d at 909, we find that the trial court's failure to notify the defendant of the registration requirements in this case undercut the voluntariness of the defendant's guilty plea. In addition to the failure to notify, we also note that the original defense counsel was appointed on the day of arraignment and could not have properly investigated the case prior to defendant's entry of a guilty plea on that same day. The preliminary

17

hearing transcript shows that the victim's statements to the police were inconsistent, and her statements were made eight months after the rape occurred when the customary examination was impossible. Under the totality of the circumstances, we find that the trial court abused its discretion by denying the motion to withdraw the guilty plea. *See State v. Myers*, 98–1213 (La.App. 4 Cir. 2/9/00), 753 So.2d 921.

*Id*. at 665.

The supreme court revisited the issue in *State v. Blanchard*, 00–1147, p. 3 (La.4/20/01), 786 So.2d 701, 703–04, and the procedural history reads as follows:

On appeal, the Third Circuit reversed upon finding that the trial court abused its discretion in denying respondent's motion to withdraw his pleas. *State v. Blanchard*, 99–1076 (La.App. 3rd Cir.3/22/00), —— So.2d —— (unpub'd). The court of appeal focused on three factors. First, the trial court had failed to mention the sex offender registration and notice provisions of La.R.S. 15:542 and La .C.Cr.P. art. 895(H) during the plea colloquy. *Blanchard*, 99–1076 at 6, —— So.2d at —— –. Respondent's motion to withdraw the pleas alleged that he first learned of the reporting requirements from the probation officer who interviewed him as part of a presentence investigation ordered by the court. The court of appeal considered this factor critical in light of our decision in *State v. Calhoun*, 96–0786, p. 9 (La.5/20/97), 694 So.2d 909, 914, in which we found that a similar failing by the trial judge constituted "a factor that undercut[ ] the voluntariness of that plea." Second, in light of the testimony presented by respondent and defense counsel at the hearing on the motion to withdraw the pleas, the court of appeal deemed the trial court's decision to defer ruling on the admissibility of F.K.'s testimony a coercive factor which also tended to undercut the voluntariness of respondent's pleas. *Id.*, at 7. Finally, the court of appeal took note of the admission of defense counsel at the hearing that his acquaintanceship with members of both victims' families had made him somewhat apprehensive about his forthcoming cross-examination of the victims. The court of appeal concluded that "[a] 'sense' or as in this case, knowledge that defense counsel is not comfortable about cross-examination of one or more witnesses is a serious source of uncertainty for a defendant and must be said to be a serious factor in mitigating against voluntariness." *Blanchard*, 99–1076 at 9.

The supreme court, however, found no arbitrariness in the trial court's rejection of the defendant's motion to withdraw his pleas. The supreme court noted that the defendant was well aware of the sex offender notification and registration requirements prior to entering his pleas and had sought disposition of the case in a manner that would avoid the reporting requirements altogether. Although the defendant assumed that by entering "best interest" pleas he would no longer have to report as a sex offender, he did not attribute his assumption to any representation by the trial court, the State, or defense counsel. Moreover, defense counsel testified that he had informed the defendant, a college graduate, that he would be required to register as a sex offender if he pled guilty.

Soon after the *Blanchard* decision, the issue was before this court again in *State v. Williams*, 02–707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. The defendant entered a plea of no contest to the amended charge of molestation of a juvenile but did not receive either oral or written notice of the sex offender registration requirements. About two months after his plea, the defendant filed a motion to withdraw his no contest plea, alleging he did not commit the offense. Following a hearing on the motion, the trial court found no credibility in the evidence submitted, denied the motion, and then sentenced the defendant.

On appeal, the court first noted that the argument regarding the sex offender registration requirements was never presented to the trial court in support of the defendant's motion to withdraw the plea. Due to the constitutional nature of the defendant's argument that his plea was not freely and voluntarily entered, however, the court considered the argument. After considering the supreme court's decisions in *Calhoun* and *Blanchard*, the court stated:

> [A]lthough the record does not provide any indication that the defendant received notice of the sex offender registration requirements, the transcript of the plea colloquy in this case provides that the defendant was informed of and waived his right to a trial by jury, right to confrontation, and the right against self-incrimination. The transcript also provides that the trial court informed the defendant of the sentencing range for the offense to which he was pleading. In addition, the transcript indicates that the defendant was represented by counsel at the time of the plea and that the defendant stated that he was satisfied with his attorney's advice and services. In contrast to *Calhoun*, the defendant in this case did not claim lack of notification of the sex offender registration requirements as grounds to withdraw his plea and has not asserted an ineffective assistance of counsel claim. As a result, the record before us does not establish that the totality of circumstances under which the defendant pled no contest warrants invalidation of his plea.

19

*Id*. at 1100. The court concluded, however, that corrective action was necessary because there was no indication in the record that the defendant was aware of the sex offender registration requirements. The case was remanded to the trial court with instructions to provide appropriate written notice to the defendant of the sex offender registration requirements within ten days of the rendition of the opinion and to file written proof that he received notice in the record of the proceedings.

Several years later, the fifth circuit addressed the issue in *State v. Smith*, 08–127 (La.App. 5 Cir. 7/29/08), 993 So.2d 659, in which the defendant pled guilty to the amended charge of forcible rape and was sentenced in accordance with the plea agreement. On appeal, the court noted that prior to the defendant's plea, defense counsel requested a continuance of trial, stating that he had only met with the defendant once and felt the defendant deserved more of his time since he was facing a life sentence. The defendant had been arraigned less than two months before Hurricane Katrina, resulting in his temporary displacement and several trial continuances. On the day of trial, defense counsel advised the trial court of an outstanding motion to suppress, which the court stated it would hear after jury selection. However, for reasons not stated, court recessed and the next notation showed that the parties returned and the defendant pled guilty. During the plea colloquy, the defendant was advised of his right to a trial by jury, the right to confront witnesses against him, and the right against self-incrimination. The defendant confirmed that he understood the rights he was waiving. Additionally, the trial court advised the defendant of the sentencing range for the offense. Lastly, the defendant indicated he was satisfied with his attorney and that he had not been forced, coerced, threatened, or promised anything to plead guilty.

The appellate court, nonetheless, found that the totality of circumstances surrounding the defendant's guilty plea warranted an evidentiary hearing concerning the voluntariness of his plea. In reaching its decision, the court referred to *Calhoun*, 694 So.2d 909, and the subsequent jurisprudence as follows:

> In *State v. Johnson*, 99–2104, p. 9 (La.App. 4 Cir. 9/6/00), 769 So.2d 660, 665, the Fourth Circuit relied on Calhoun and reversed the trial court's denial of the defendant's motion to withdraw his guilty plea to forcible rape. Like *Calhoun*, the Fourth Circuit relied on several factors that it concluded undercut the voluntariness of the defendant's plea. It cited the trial court's failure to notify the defendant of the sex registration requirements and defense counsel's lack of preparation for trial. The court noted defense counsel was appointed on the day of arraignment and could not have properly investigated the case prior to the entry of defendant's guilty plea on the

same day. On appeal, the defendant maintained his counsel advised him any defense was futile; however, the Fourth Circuit remarked that the preliminary hearing transcript showed the victim's statements to the police were inconsistent.

Conversely, in *State v. Blanchard*, 00–1147 (La.4/20/01), 786 So.2d 701, the Louisiana Supreme Court distinguished Calhoun and found no basis to allow the defendant to withdraw his guilty plea despite the fact the trial court had failed to advise him of the sex registration requirements during the plea colloquy. The Supreme Court relied on evidence presented at the evidentiary hearing on the defendant's motion to withdraw his guilty plea to conclude the defendant was aware of the sex offender registration laws. Specifically, defense counsel testified that he informed the defendant of the registration requirements. The defendant testified he believed that by entering a "best interest" plea he was not pleading guilty and, therefore, believed he would no longer have to comply with the registration requirements. The Supreme Court noted defendant's college education and the defendant's pre-plea attempt to resolve the case to avoid the registration requirements before concluding his unsupported expectation of avoiding the registration requirements did not provide a basis for withdrawing his guilty plea. *Id*. at 4–5, 786 So.2d at 704–05.

Unlike *Blanchard*, there has been no evidentiary hearing in the present case regarding defendant's knowledge of the sex registration requirements and its effect, if any, on the voluntariness of his guilty plea. The plea colloquy transcript shows the trial court did not advise defendant of the registration requirement and there is no indication on the record that defense counsel notified defendant of the requirement. Defense counsel simply stated he had "gone over the Boykin form with Mr. Smith, I've explained it to him, I feel he understands it. . . ." Additionally, notice of the registration requirement is not contained in the guilty plea form as required, at the time, by LSA–R .S. 15:543(A).

As previously noted, the *Calhoun* court expressly declined to comment on whether the failure of a defendant to be advised of the sex offender registration requirement alone would provide a basis for a defendant to withdraw his guilty plea. *State v. Calhoun, supra* at 9, 694 So.2d at 914 n. 6. Unlike *Calhoun*, where the Supreme Court allowed the defendant to withdraw his guilty plea based on the lack of notice of the registration requirement and ineffective assistance of counsel,

21

defendant in the present case does not assert an ineffective assistance of counsel claim on appeal. However, defendant did raise an ineffective assistance of counsel claim in a previous post-conviction relief application. That application was denied by the trial court, but eventually found to be premature by this Court because defendant had not exhausted his appeal rights.

*Id*. at 661–62.

In 2007, La.R.S. 15:543(A) was amended and currently reads as follows:

A. The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter. For purposes of this Subsection, the court shall use the form contained in R.S. 15:543.1 and shall provide a copy of the registration and notification statutes to the offender. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders. If the offender is not sentenced to incarceration, then the court shall notify the bureau of the conviction of the offender.

In the instant case, Defendant's "Waiver of Constitutional Rights and Plea of No Contest" did not bear notice of the sex offender registration and notification requirements during the plea hearing. Also, the trial court did not advise Defendant of these requirements. At the conclusion of the hearing, after accepting Defendant's no contest plea, the trial court stated that the parties would return "to do the notification of sexual offender form." At the hearing held two days later, the trial court went over a "Notification to Sex Offender" form with Defendant, and he signed the form.

The notification form incorrectly indicated that Defendant had to register for twenty-five years. Pursuant to La.R.S. 15:541(2)(c), simple rape is an aggravated offense. Louisiana Revised Statute 15:544 requires a person convicted of an aggravated offense, as defined in La.R.S. 15:541, to register and provide notification for the duration of his or her lifetime. Accordingly, both the form and the trial court were in error as they advised Defendant not of a lifetime duration, but rather of a twenty-five year duration.

There is no evidence before this court regarding Defendant's knowledge of the sex registration requirements and its effect, if any, on the voluntariness of his plea. Similar to facts in *Smith*, 993 So.2d 659, the plea colloquy shows that the trial court did not advise him of

the registration requirement prior to the acceptance of his plea, and there is no indication in the record that defense counsel notified Defendant of the requirement. Also, the notice of registration requirements is not contained in the guilty plea form as required by 15:543(A).

Although Defendant did not assert a claim of ineffective assistance of counsel at the time of his motion to withdraw his plea, on appeal he claims that his counsel was ineffective. The record indicates that defense counsel was confused about the advice given to Defendant throughout the course of his representation of Defendant. Accordingly, considering the totality of circumstances surrounding Defendant's no contest/*Crosby* plea, we remand the matter to the trial court for an evidentiary hearing on the voluntariness of Defendant's plea and to allow him to withdraw his plea if the trial court determines it was involuntary or otherwise infirm.

In the case at bar, there is no indication the Defendant received notice of the sex offender registration and notification requirements at the time he entered his plea of guilty. However, the Defendant was informed of his *Boykin* rights, the potential sentence was listed on the plea form, and he was represented by counsel at the time he entered the plea. As in *Williams*, 839 So.2d 1095, the Defendant in the case at bar did not file a motion to withdraw his guilty plea and has not asserted an ineffective assistance of counsel claim. For these reasons, we find that the totality of the circumstances does not indicate the Defendant's guilty plea warrants invalidation.

## Discussion With Attorney And Understanding Of Plea Agreement

The Defendant asserts the trial court failed to place his discussion with his attorney regarding the plea agreement and his understanding of the plea agreement on the record.

Louisiana Code of Criminal Procedure Article 556.1 (C) provides:

The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in

23

open court or, on a showing of good cause, in camera, at the time the plea is offered.

During the plea proceeding, the trial court explained a plea agreement as follows:

> A plea agreement is an agreement between the lawyers to recommend to me a particular penalty in your individual case. You see, I have no information about the facts and circumstances of your individual cases. But the lawyers have a lot of information about your cases. The prosecuting attorney knows what his witnesses would testify to if they were called to the stand to testify. Your defense attorney knows how he or she would defend the case if the matter were to go to trial. Those lawyers exchanged that information with one another. At the end of that they were both fully aware of all the facts and circumstances of your individual cases.

> They already knew the law that applied to your cases, so they got together and applied the law to the facts to come up with what they believe to be the most appropriate penalty in your particular case, and they're asking me to give you that penalty. This is their effort to make the penalty fit the crime. Do you understand what a plea agreement is?

The Defendant answered affirmatively. He was further instructed to read the plea agreement or plea recommendation section of the plea form. The Defendant was asked if there was anything on the form he did not agree to, and he indicated there was not. The Defendant also indicated he had had enough time to speak to defense counsel about the terms of the plea agreement.

We find that there is no requirement in La.Code Crim.P. art. 556.1 that the trial court inquire as to the Defendant's understanding of the plea agreement or what his attorney told him about the plea agreement, including what a pre-sentence investigation report is, nor that his understanding be placed on the record. For the reasons set forth herein, this assignment of error lacks merit.

## ASSIGNMENTS OF ERROR NO. 1 AND 2:

In his first assignment of error, the Defendant contends his sentence is excessive. In his second assignment of error, the Defendant contends the trial

24

court failed to comply with La.Code Crim.P. art. 894.1. We will address these assignments of error together, as they both pertain to the Defendant's sentence.

Louisiana Code of Criminal Procedure Article 894.1 contains a series of factors to be considered by the trial court in sentencing a defendant. In considering these sentencing guidelines, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, to comply with La.Code Crim.P. art. 894.1(C), the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483. Still, the record should establish that the trial court adequately considered the codal guidelines in particularizing a defendant's sentence. *Id*. That is to say, "the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1." *State v. Ellis*, 42,520, p. 23 (La.App. 2 Cir. 9/26/07), 966 So.2d 139, 152, *writ denied*, 07-2190 (La.4/4/08), 978 So.2d 325.

> The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Dallas*, 36,397 (La.App.2d Cir.11/6/02), 830 So.2d 1113. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So.2d 1049 (La.1981); *State v. Strange*, 28,466 (La.App.2d Cir. 6/26/96, 677 So.2d 587); *State v. Hudgins*, [519 So.2d 400 (La.App. 2d Cir.1988), *writ denied*, 521 So.2d 1143 (1988) ].

*State v. Scott*, 36,763, p. 3 (La.App. 2 Cir. 1/29/03), 836 So.2d 1180, 1182. However, "[t]here is no requirement that specific matters be given any particular weight at sentencing." *Ellis*, 966 So.2d at 153.

Despite the mandates of La.Code Crim.P. art. 894.1, our courts have held that:

> [F]ailure to comply with article 894.1 does not automatically render a sentence invalid. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C .Cr.P. art. 894.1. *State v. Delaughter*, 29,974 (La.App.2d Cir.12/10/97), 703 So.2d 1364, *writ denied*, 98-0018

25

(La.5/1/98), 805 So.2d 201, 1998 WL 234691. The question is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. *State v. Davis*, 448 So.2d 645 (La.1984).

*State v. Smith*, 34,325, p. 2 (La.App. 2 Cir. 12/20/00), 775 So.2d 640, 642. Sentences also will not be overturned for failure to comply with statutory guidelines where the sentencing court implicitly considered the factors set forth in La.Code Crim.P. art. 894.1. *State v. Thibodeaux*, 502 So.2d 296, 298 (La.App. 3 Cir.), *writ denied*, 505 So.2d 1140 (La.1987).

. . . .

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

. . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed

> for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 2-3, 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 785-86, 790-91.

The Defendant pled guilty to carnal knowledge of a juvenile, which is punishable by a term of imprisonment not to exceed ten years. La.R.S. 14:80. The Defendant was sentenced to ten years at hard labor, four of which were suspended.

The Defendant contends the trial court did not identify a single mitigating circumstance pursuant to La.Code Crim.P. art. 894.1 and only mentioned aggravating circumstances. Additionally, the defendant argues there was neither an adequate factual basis for the sentence imposed nor any indication that the sentencing guidelines were considered. Further, the Defendant contends the record fails to establish that any information contained in the pre-sentence investigation report was considered to be mitigating in favor of a lesser sentence.

The Defendant asserts the record shows he had a history of continuous employment and a wife and three kids under the age of five to support. Further, he was convicted of theft in an amount greater than $300, a felony, in 2007. The Defendant contends the pre-sentence investigation report reflects he satisfactorily completed one year of supervised probation for that offense. Furthermore, that crime is no longer a felony.

27

The Defendant additionally contends the record reveals he had no concept or understanding of the minimum/maximum penalty exposure.[6] He argues that eleven years under the direct control and supervision of the State is blatantly excessive on its face even without consideration of the "enhanced penalty disabilities imposed for a period of 15 years after his release from incarceration under the provisions of LSA R.S. 15:542."[7]

The Defendant states the record reveals he is a second felony offender, but the crime he was previously convicted of is now a misdemeanor and was a misdemeanor at the time he was sentenced. He further contends:

> In the instant matter the facts setting forth the nature of the crime appearing upon the face of the record are deficient, especially in light of the pre-sentence investigation report not being made part of the record. There is no way for this court to determine the actual age of the unidentified female victim, to determine whether that victim induced or facilitated the sex act, or any other mitigating circumstance this reviewing court might otherwise evaluate contained in the pre-sentence investigation report. For this defendant, technically under the law, and certainly pursuant to his understanding of his "prior conviction history" to foster the understanding and belief that as a "first felony conviction"; in consideration of the actual nature of the crime shown; the nature and background of the defendant, and the sentences imposed for similar crimes in this jurisdiction, to harbor an expectation that his sentence would be on the lower end of the maximum penalty provision of ten years reasonably explains why the defendant might plea[d] guilty in exchange for little more than a pre-sentence investigation. For this defendant to receive an ultimate sentence in excess of 11 to 21 years is unconstitutionally excessive under the totality of the circumstances of the instant case and the record currently before this court.

In support of his claim that his sentence is excessive, the Defendant cites several cases, including *State v. Honeycutt*, 36,215 (La.App. 2 Cir. 8/14/02), 823 So.2d 1089, *writ denied*, 02-2635 (La. 9/5/03), 852 So.2d 1020; *State v. Breaux*,

---

[6]In support of this argument, the Defendant cites the following question by defense counsel to him at the sentencing hearing: "And how, **if you are incarcerated**, is it going to affect your own family?"

[7]La.R.S. 15:542 sets forth sex offender registration requirements.

491 So.2d 506 (La.App. 3 Cir.), *writ denied*, 496 So.2d 331 (La.1986); and *State v. Houston*, 07-449 (La.App. 3 Cir. 10/31/07), 970 So.2d 667. We will discuss these cases below.

At the sentencing hearing, the trial court indicated it had received a pre-sentence investigation report, which contained information about the crime, the victim, and the Defendant. The Defendant testified that he was twenty-four years old, married, the father of three young children, employed as a deckhand by Mike Hooks Incorporation, and had a prior conviction for theft. The Defendant was questioned and testified that he thought the thirteen-year-old victim was seventeen years old at the time of the offense. He admitted he gave the victim alcohol and Xanax but denied he gave her marijuana. He also admitted that, on the date of the offense, he gave drugs and alcohol to "two different young ladies." Further, fifteen to twenty people were at the cabin when the offense occurred.

After hearing from the Defendant, the trial court stated the following:

> I am perplexed by your decision-making. Adultery is immoral and carnal knowledge of a juvenile is a crime. You report that you knew that this child was too young to consent to having sex, and yet you gave her alcohol and controlled dangerous substances. I have to interpret that to mean that you intended to get her intoxicated so that she would be less able to resist your advances. It's kind of confusing why you would want to do that.
>
> It's even more confusing why you would want to do that at a place where there were 15 to 20 people. You intoxicate a child. You have sex with a child in a very public way. And yet you tell me today that you're from a small town. Am I to understand that this is what you want the people in the small town to know? This is very strange.

The Defendant was subsequently sentenced.

In *Honeycutt*, 823 So.2d 1089, the defendant, who was a high school teacher, admitted having sexual intercourse with a student on several occasions over a three-year period. She was charged with one count of carnal knowledge of a juvenile and one count of indecent behavior with a juvenile. She pled guilty to

carnal knowledge and was sentenced to ten years at hard labor, six years of which were suspended, and placed on five years supervised probation. The second circuit did not review her sentence for excessiveness, as it was imposed in accordance with a plea agreement. *Id*. at 1092.

In *Breaux*, 491 So.2d 506, the defendant, a thirty-year-old policeman, was charged with seven counts of carnal knowledge of a fifteen-year-old girl. He pled guilty to one count and was sentenced to three years at hard labor as a first offender. This court found his sentence was not excessive.

In *Houston*, 970 So.2d 667, a twenty-seven-year-old, married, father of two, who was gainfully employed, pled guilty to carnal knowledge of a sixteen-year-old. He was sentenced to three years at hard labor and to pay a fine of $2,000. This court affirmed the first offender's sentence, citing *Breaux*, 491 So.2d 506, and *State v. Worsham*, 32,670 (La.App. 2 Cir. 2/1/00), 754 So.2d 1107. In *Worsham*, the second circuit affirmed the eighteen-year-old first felony offender's seven-year hard labor sentence for committing carnal knowledge of a thirteen-year-old.

In *State v. Wyant*, 42,338 (La.App. 2 Cir. 8/15/07), 962 So.2d 1165, the defendant, who was twenty-five years old, pled guilty to felony carnal knowledge of a twelve-year-old juvenile. He was sentenced to ten years at hard labor, with two years of the sentence suspended, and five years of active supervised probation. In addressing his excessive sentence claim, the second circuit stated the following:

> Upon review of the record, we find that application of the two-pronged test does not show the sentence to be excessive. The record shows an adequate factual basis for the harsh sentence, despite the fact that the trial court's articulation at sentencing of the factors underlying the sentence imposed was minimal. Although the defendant is a first felony offender and married with two young children to support, our review of the record, including the PSI report and the transcript of the hearing on the motion to reconsider the sentence, convinces us that the sentence is not constitutionally excessive. The defendant ignored his responsibility to his family to seek sexual gratification with a young girl.

> Considering the great disparity between the ages of the defendant and the victim, the apparently deliberate use of alcohol to induce the twelve-year old child's "consent" to sexual intercourse, and the severe effects of the incident on the child, as testified to by her mother, this sentence does not shock the conscience of the court or appear to be a needless imposition of pain and suffering on the defendant.

*Id*. at 1167.

We find that the record reveals an adequate factual basis for the sentence imposed despite the trial court's failure to fully articulate the underlying factors for the sentence as required by La.Code Crim.P. art. 894.1. Further, we find that the cases cited herein are distinguishable, as the Defendant in the case at bar is a second offender. However, the case is factually similar to *Wyant*, in which the defendant received a ten year sentence despite his status as a first offender.

Considering the vast age difference between the Defendant and the victim, the Defendant's act of supplying the victim with alcohol and drugs, and the Defendant's status as a second felony offender, we find that the Defendant's sentence does not shock this court's conscience. For these reasons, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. 5:

In his fifth assignment of error, the Defendant contends the trial court imposed an improper and indeterminate sentence in violation of La.Code Crim.P. art. 893.

Louisiana Code of Criminal Procedure Article 893 (emphasis added) provides, in pertinent part:

> A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a

conviction for a crime of violence as defined in R.S. 14:2(B)(1), (2), (3), (4), (5), (9), (10), (11), (12), (13), (14), (15), (16), (18), (20), (21), (22), (26), (27), or (28), or of a second conviction if the second conviction is for a violation of R.S. 14:73.5, 81.1, or 81.2. **The period of probation shall be specified and shall not be less than one year nor more than five years**. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal. Supervised release as provided for by Chapter 3-E of Title 15 of the Louisiana Revised Statutes of 1950 shall not be considered probation and shall not be limited by the five-year period for probation provided for by the provisions of this Paragraph.

When the trial court sentenced the Defendant, it stated:

> In any event, I'm going to sentence you to serve 10 years at hard labor, all but six years suspended. **After you've served those six years you'll be out on probation and parole. You will be on probation for five years, active supervised probation.** You will be required to register and conduct a sex offender registration and notification in accordance with Revised Statute 15:542. You need to do that for a period of 15 years.

The Defendant contends the sentence fails to comply with the requirements of La.Code Crim.P. art. 893 and is indeterminate. He claims the sentencing court should have provided a definitive probationary period, "i.e. '... You John Defendant shall serve a period of active supervised probation for a period of four years, beginning on January 12, 2030…'"

The Defendant asserts the sentence in the case at bar is nearly verbatim to that pronounced in *State v. Green*, an unpublished opinion bearing docket number 08-1361 (La.App. 3 Cir. 6/3/09). In *Green*, the trial court sentenced the defendant as follows:

> Okay. Mr. Green, having been found guilty of Possession with Intent to Distribute Cocaine, it is the sentence of the Court that you serve twenty (20) years at hard labor. I will suspend all but five (5) years of that and place you on supervised probation with the DA's Probation Office to begin upon your release from incarceration under all the conditions of Article 895A of the Code of Criminal Procedure and the special conditions that you sign up within twenty-four (24) hours of your release with the DA's Probation Office; that you pay a fine of twenty-five hundred dollars ($2500.00) and cost of court within one (1) year, that you pay cost of court, that you pay a prosecution fee of two hundred fifty dollars ($250.00), the same as a court house security

fee, that you submit to random drug screens at the direction of your probation officer, that you participate in any kind of substance abuse evaluation and program that is available to you while you're incarcerated, that when you are released you remain drug and alcohol-free, stay out of bars, away from illegal drugs and drug dealers/drug users. That you pay cost, of investigation to the Acadiana Crime Lab of five hundred dollars ($500.00), that you enroll in and complete a GED Program while you're incarcerated, that once you get out of jail that you maintain full and complete employment, that means at least forty (40) hours a week, and that means that you do so with someone who will provide you with a W-2 form and proof of your employment. That you forfeit any, rights to property that may have been seized in connection with the offense, that you stay out of drug areas where people habitually sell and use illegal drugs.

*Id*. at 2-3.

This court found the defendant's sentence was indeterminate and illegal because the trial court failed to specify the term of the probationary period. The sentence was vacated and the matter remanded for imposition of a determinate sentence.

However, we find that the case at bar is distinguishable from *Green*, as the trial court in *Green* merely stated the defendant was placed on supervised probation without setting forth the length of the probationary term. In the case at bar, the trial court imposed a probationary term of five years; thus complying with the mandates of La.Code Crim.P. art. 893. Accordingly, this assignment of error lacks merit.

**DECREE:**

The Defendant's conviction and sentence are affirmed.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules– Courts of Appeal, Rule 2–16.3.

33